### SUPREME COURT.

#### George Dunn agt. Christian Bloomingdale.

In an action for the breach of a contract of warranty upon an exchange of horses, the form of the summons should be that prescribed by the *second* subdivision of § 129 of the Code. Although the complaint sets forth a contract of warranty, it is in fact an action to recover damages—not for a *money demand*, and application should be made to the court for the appropriate relief. (*See Tuttle* agt. *Smith, ante page* 395.)

Where a summons is issued under the *second* subdivision of § 129, when it should have been issued under the *first* subdivision of that section, it is a harmless error, which it does not concern the defendant to have corrected. (*The case of The Cemetery Board of the Town of Hyde Park* agt. *Teller,* 8 *How.* 504, *where the summons was set aside for this cause—held to be incorrectly decided in this particular.*)

*Albany Special Term*, *Dec.*, 1856.

Motion to set aside complaint for irregularity.

The action was commenced by the service of a summons without complaint. The form of the summons was that prescribed in the *second* subdivision of the 129th section of the Code. The defendant, on the same day the summons was served, appeared by his attorneys, and demanded a copy of the complaint. On the next day a copy of the complaint was served. The cause of action stated in the complaint is a breach of a contract of warranty, made by the defendant upon an exchange of horses. The defendant moved to set aside the complaint, on the ground that it does not conform to the summons.

Thomas Smith, *for plaintiff.*
Jacob I. Werner, *for defendant.*

Harris, Justice. I think the plaintiff's practice has been regular. I certainly should have drawn the summons in the form which has been adopted by the plaintiff's attorney. The complaint, it is true, sets forth a contract of warranty, but it is,

Dunn agt. Bloomingdale.

in fact, an action to recover damages. The distinction between an action like this, and one founded on misrepresentation, is very narrow. In each case the object is compensation in damages for deception. In neither case can the action be said to be brought for the recovery of a *money demand.* The better opinion seems to be that, in all such cases, even though the action may be, in form, upon a contract, application should be made to the court for the appropriate relief. (*See Flynn* agt. *The Hudson River Railroad Company,* 6 *How.* 308; *The Cemetery Board, &c.,* agt. *Teller,* 8 *id.* 504.)

But if it were otherwise, this motion ought not to be granted. The office of the summons is to bring the defendant into court, and to apprise him of the proceedings which will be taken against him, in case he fails to answer the complaint. If the action is brought to recover a money demand, the amount is specified, and the defendant is notified that, in case of his default, judgment will be taken against him for that sum. If the action be for any other cause, the defendant is notified that, in case of his default, application will be made to the court for such relief as the plaintiff may specify in his complaint. That relief may be, and frequently is, compensation in damages for injuries alleged. In such cases the plaintiff, in case the defendant does not answer, recovers, not the amount claimed by him, but such amount as the court, after an assessment of the damages by a jury or otherwise, may see fit to award.

In this case the latter form of summons was adopted. The defendant was apprised that, unless he should interpose a defence, the plaintiff would make application for such relief as he should demand in his complaint. No complaint was served with the summons, but the defendant appeared and demanded a copy of the complaint, and it was received. By this he was apprised of the nature and extent of the relief for which the plaintiff would apply, if he should fail to answer. In what way can the defendant be prejudiced by this mode of proceeding? I confess, I am unable to see. And if he cannot be, he ought not to be heard to complain, even though he may think the summons technically irregular.

Had the plaintiff undertaken to fix the amount of damages for himself by framing his summons under the first subdivision of the 129th section, as was done in the case of *Flynn* agt. *The Hudson River Railroad Company*, the case might have oeen otherwise. Then, indeed, the defendant might have been prejudiced by the irregularity. He might have been compelled to interpose a defence, or suffer the plaintiff to take judgment for a larger amount than he was entitled to recover. The defendant in this case has no such ground of complaint. (*See Voorhies* agt. *Scofield*, 7 *How.* 51,)—where, as in *Flynn* agt. *The Hudson River Railroad Company*, the summons was framed under the *first* subdivision of the section, when it should have been under the *second*.

So, in *Ridder* agt. *Whitlock*, (12 *How.* 208,) the cause of action, as it appeared in the complaint, was a tortious appropriation of the property and money of his principal by an agent, while the summons was for a money demand. The difficulty in the case was, that if the defendant failed to answer, the plaintiffs had themselves fixed the amount of their recovery. This they were only allowed to do when the cause of action was a *money demand*, or a *sum certain*. The defendant had a right, even though he might not choose to answer, to have the plaintiffs present their case to the court for relief, and thus, without defence, secure the assessment of the damages to be recovered against him by a jury. The court was right, therefore, in setting aside the complaint, unless the plaintiffs would amend their summons so as to adapt it to the cause of action stated in their complaint.

The only case in which a summons under the *second* subdivision of the 129th section has been set aside because it should have been issued under the *first* subdivision, is that of *The Cemetery Board of the Town of Hyde Park* agt. *Teller*, above cited. In that case the action was upon a money demand. The summons should have been under the first subdivision, and because it was not, the late Mr. Justice BARCULO, without much consideration, I think, set it aside. The most that could be said of it is, that it was a *harmless error*, which it did not con-

cern the defendant to have corrected. So, in this case, if it were conceded that the summons should have been under the first subdivision of the section, which prescribes its form, I cannot see why the defendant should take it upon himself to have the error corrected.

I think the motion should be denied, with costs.