(59 N. W. Rep. 529.)

---

JOSEPH GANS *vs.* W. W. BEASLEY, *et al.*

Opinion filed June 9, 1894.

**Action Against Firm—Sufficiency of Summons.**

> A summons, otherwise in due form, in which the defendants are designated only by their firm name, is irregular, but not absolutely void, and may be amended in the trial court so as to show the names of the partners.   Such a summons, when issued, is sufficient to sustain an attachment.

**Attachment Affidavit—Amendment.**

> The affidavit for attachment stated, in effect, that there was an existing cause of action, in favor of the plaintiff and against the defendants, in the sum of $10,000 and interest, based upon a promissory note, which was set out at length, and which was payable to plaintiff, and purported to be signed by the defendants.   The District Court directed the affidavit to be amended, alleging that the note was executed and delivered to plaintiff by the defendants, and was wholly unpaid.   *Held*, construing the affidavit, that the amendment was superfluous, and hence that the order directing the amendment, if error, was error without prejudice.

**Special Appearance—Construed—General—When.**

> An appearance which is in terms a special appearance will operate as a general appearance, and confer jurisdiction over the person, if the court is requested to determine questions touching the merits, and not relating to the jurisdiction.

Appeal from District Court, Stark County; *Winchester*, J.

Action by Joesph Gans against Washington W. Beasley, George

M. Beasley, and Nat Beasley, co-partners doing business under the firm name of W. W. Beasley & Sons. From an order refusing to vacate an attachment issued by plaintiff, defendants appeal.

Affirmed.

*Melville & Stobbs* and *James G. Campbell*, for appellants.

A partnership consisting of several persons must sue or be sued by their names at length and not in the firm name. Estees Pl. 510; *Dently* v. *Smith*, 3 Cal. 170; *Smith* v. *Canfield*, 8 Mich. 493; Parsons on Partnership, § 375, 200; *Cady* v. *Smith*, 12 N. W. Rep. 95; *Crandell* v. *Beach*, 7 How. Pr. 271; *Barber* v. *Smith*, 1 N. W. Rep. 992; 1 Waits Pr. 113, 133. If the true name of defendant is unknown plaintiff may use a fictitious name but in the summons and complaint there must be a direct allegation of ignorance of the true name. *Gardner* v. *Kraft*, 52 How. Pr. 499. The affidavit for attachment is jurisdictional and cannot be amended unless expressly permitted by statute and where this is permitted it is by a new and sufficient affidavit. Drake on Attmt. 87; *Freer* v. *White*, 51 N. W. Rep. 807; *Winters* v. *Pearson*, 14 Pac. Rep. 304; *Barnside* v. *Boreland*, 31 N. W. Rep. 620; *Tanner* v. *Hill*, 22 Fla. 391; *Kingsbury* v. *Borland*, 31 N. W. Rep. 620. Such affidavits are strictly construed. *Matthews* v. *Dinsmore*, 5 N. W. Rep. 669; *People ex rel* v. *Blanchard*, 28 N. W. Rep. 669. The affidavit being a jurisdictional paper cannot be amended. *Winters* v. *Pearsons*, 14 Pac. Rep. 302; *Tanner etc., Co.* v. *Hall*, 22 Fla. 391. The undertaking for attachment was defective in that it did not designate the persons for whose benefit it was given and was not executed by plaintiff. Drake on Attmt. 131; *National Exc. Bk.* v. *Stelling*, 9 S. E. Rep. 1028; *Wagner* v. *Booker*, 9 S. E. Rep. 1055.

*Alexander Hughes & F. H. Register*, for respondent.

The summons in question is in strict compliance with the statute, §§ 4893, 4894 Comp. Laws, except that it is directed to the defendants in their firm name, instead of their individual names. For the purposes of this appeal it must be assumed that the amendments directed to be made by the court have been made

and the sole question is the point whether the court had power to make them. *Van Wick* v. *Hardy*, 39 How. 392. Section 4938, Comp. Laws, confers ample power upon the court to amend the summons in any particular if justice will be promoted thereby. *Pollock* v. *Hunt*, 2 Cal. 193; *Lyman* v. *Milton*, 44 Cal. 630.

The power of amending process does not originate in the Code but is a power existing in the court independently of legislative enactment. *Lane* v. *Bean*, 19 Barb. 51; 1 Abb. Pr. 65; 1 Waits Pr. 489, 492; *Tillman* v. *Himan*, 10 How. Pr. 89; *Weir* v. *Slocum*, 3 How. Pr. 397; *Bank of Havana* v. *McGee*, 20 N. Y. 335; *Gribbon* v. *Freel*, 93 N. Y. 93. The summons is amendable under the Code. *Hatch* v. *Central Nat. Bank*, 78 N. Y. 487; *Irwin* v. *Bank*, 6 Ohio St. 81; *Reeder* v. *Sayre*, 70 N. Y. 180; *Hines* v. *Rutherford*, 67 Ga. 606; *Van Wick* v. *Hardy*, 39 How Pr. 392; *Ruthe* v. *Greenbay R. Co.*, 37 Wis. 345; *Barber* v. *Smith*, 41 Mich. 138; *Bently* v. *Smith*, 3 Caines Cases, 169. A formal variance in suing defendant by a wrong name is amendable at any time.     3 Estee Pl. 218; *Scull* v. *Briddel*, 2 Wash. C. C. 200; *Tibbetts* v. *Parrot*, 1 Cranch C. C. 177; *Hodges & Co.* v. *Kimbal*, 49 Ia. 577; *Newton* v. *Millerville Mfg. Co.*, 17 Abb. Pr. 318; *Welsh* v. *Hull*, 40 N. W. Rep. 797; *Prentiss* v. *Stephen*, 39 N. W. Rep. 364; *Randolph* v. *Burrett*, 16 Pet. 136; *Thompson* v. *Kissell*, 30 N. Y. 383; 49 Am. Dec. 743; *Morse* v. *Barrows*, 33 N. W. Rep. 709. The grounds of plaintiff's claim were sufficiently stated in the affidavit for attachment. It is not necessary to restate the complaint in the affidavit, it is sufficient to state that the express contract upon which defendant was indebted was a promissory note. *Weaver* v. *Haywood*, 41 Cal. 118; *Wheeler* v. *Farmer*, 38 Cal. 203; *Castor* v. *Page*, 9 Ohio St. 397; *Curtiss* v. *Settle*, 7 Mo. 452; *Ellison* v. *Tallen*, 2 Neb. 4; *Teasier* v. *Reed*, 22 N. W. Rep. 225; *Darrington* v. *Minnick*, 19 N. W. Rep. 456; *Crawford* v. *Roberts*, 8 Oreg. 324, 40 N. W. Rep. 322; Waples on Attmt. 87.

The affidavit, undertaking and warrant of attachment may be amended under the power conferred by § 4938, Comp. Laws; *Pierce* v. *Miles*, 6 Pac. Rep. 347; *Irwin* v. *Bank*, 6 Ohio St. 81;

*Clark Banking Co.* v. *Wright*, 55 N. W. Rep. 1060; *Struthers* v. *McDowell*, 5 Neb. 491; *Wadsworth* v. *Cheney* 13 Ia. 576; *Fitzpatrick* v. *Flannigan*, 16 Otto 648; *Talcott* v. *Rosenbergh*, 8 Abb. Pr. (N. S.) 287; *Vanderhayden* v. *Mallory*, 3 How Pr. 294; *Johnson* v. *Huntington*, 13 Conn. 47; *Gourley* v. *Carmody*, 23 Ia. 212; *Schaffer* v. *Sundball*, 33 Ia. 579; *Lowenstein* v. *Monroe*, 52 Ia. 231; *Simms* v. *Jacobson*, 51 Ala. 186; *Tomney* v. *Gambel*, 66 Ala. 469; *Star* v. *Mayer*, 60 Ga. 546; *Mendes* v. *Freiters*, 16 Nev. 388; *Barber* v. *Swan*, 61 Am. Dec. 129; note *Craftes* v. *Sikes*, 64 Am. Dec. 62; *Morse* v. *Barrows*, 33 N. W. Rep. 706; *Kidd* v. *Dougherty*, 26 N. W. Rep. 510. The sureties upon the undertaking for attachment are not discharged by correcting the title of the cause of action as set out in the undertaking. *Cutter* v. *Richardson*, 125 Mass. 72.

WALLIN, J. Action on a promissory note signed in defendants' firm name, viz. "W. W. Beasley & Sons." On the 7th day of August, 1893, a summons herein was issued, and delivered to the sheriff for service, and was served upon the defendant Washington W. Beasley. The regularity of the summons is not questioned, except as to the manner of describing the defendants in its title. The action is entitled, in the original summons, "Joseph Gans, Plaintiff, vs. W. W. Beasley & Sons, defendants." On said 7th day of August, 1893, and affidavit and undertaking in attachment were filed in said action in the office of the clerk of the District Court. The affidavit was entitled as was the summons, and, omitting formal parts, is as follows: "Joseph Gans came before me personally, and, being first duly sworn, doth say that he is said plaintiff in the above entitled action, which is brought for the recovery of money, and a summons has been issued therein; that a cause of action exists against the defendants and in favor of said plaintiff therein, and the amount of said plaintiff's claim therein is ten thousand dollars ($10,000,) with interest thereon since October 20th at ten per cent. per annum, and the ground thereof is as follows, that is to say: 'Defendants' promissory note to plaintiff, as follows, to-wit: $10,000. Billings, Montana, October 20th, 1892. First day of July, 1893, after date, for value received, we jointly and

severally promise to pay to the order of Joseph Gans, ten thousand and no .100 dollars, with interest at ten per cent. per annum from date until paid, and with attorney's fees in addition to the costs, in case the holder is obliged to enforce payment at law. [Signed] W. W. Beasley & Sons. Payable at First National Bank, Helena, Montana,'—and that the defendants are not residents of this state; that they are about to remove their property from the state with intent to defraud their creditors, and are about to assign and dispose of their property with like intent. And the said affiant doth depose and say that said plaintiff is in danger of losing his said claim by reason of the facts aforesaid, unless a writ of attachment shall issue, and prays that such writ of attachment may be allowed and issued against the property of said defendant therein according to the statute in such case provided; and said affiant says that no previous application has been made therein for such order, and further saith not." The undertaking for the attachment was also entitled as was the summons, and on said day a warrant of attachment issued, having the same title. A levy upon defendants' personal property was made under the attachment on August 8th, and a return thereto filed on the 9th of August, 1893. The summons required the defendants to answer a complaint which would be filed with the clerk of said court, and pursuant thereto a complaint was filed in the action, subscribed by the attorney whose name was affixed to the summons. The complaint was entitled as follows: "Joseph Gans, Plaintiff, vs. W. W. Beasley, George M. Beasley, and Nat Beasley, Co-partners Doing Business under the Firm Name of W. W. Beasley & Sons, Defendants." Defendants not having appeared on August 26, 1893, upon an *ex parte* motion made in plaintiff's behalf, and based upon the papers on file, and also upon certain affidavits also filed with the clerk of the District Court, that court made and filed its order allowing amendments to be made in the original summons and complaint. The summons was amended so as to conform in its title to the title of the complaint as above set out, and the complaint was amended so as to allege that at the

time of making the note sued upon "the defendants, Washington W. Beasley, George M. Beasley, and Nat Beasley were co-partners doing business at Rosebud and vicinity, in the State of Montana, under the firm name of W. W. Beasley & Sons." The amended summons and complaint were then filed, pursuant to the order. The order allowing the amendment is as follows: "It appearing to the satisfaction of the court, by the summons and complaint, and by the affidavits of the plaintiff, Joseph Gans, and F. H. Register, that an action was commenced in the District Court in and for the County of Stark by the said Joseph Gans against the defendants, Washington W. Beasley, George M. Beasley, and Nat Beasley, co-partners doing business under the firm name of W. W. Beasley & Sons, and that said action was brought upon a promissory note made, executed and delivered by said defendants to the said plaintiff, Joseph Gans, in the firm name of W. W. Beasley & Sons, and that at the time said action was commenced, to-wit, on the 7th day of August, 1893, the said plaintiff and his counsel did not know the given names of the said defendants, or either of them; that said defendants, and each of them, were and are nonresidents of the State of North Dakota, and that it was necessary, in order to protect the rights of the plaintiff, that an action should be commenced against the said defendants on the said 7th day of August, 1893, and before the given names of said defendants could be ascertained, and that said action was brought against said defendants in their said firm name, and in the name in which they executed their said promissory note, and that the summons in the said action was on said 7th day of August, 1893, served personally upon W. W. Beasley, the senior member of said firm, who was then in Dickinson, in Stark County, in the State of North Dakota; that the summons contained a notice that the complaint would be filed in the office of the clerk of the said court, and thereafter, and on the 10th day of August, 1893, the said complaint was filed in said court; that between the issuance of said summons and the filing of

said complaint as aforesaid the plaintiff ascertained the given names of the junior members of said firm, to-wit, the sons of said W. W. Beasly, and the persons referred to in the designation 'sons,' in the firm name under which they (these defendants) were doing business as aforesaid, and the full names of said sons were set out in the title of said complaint. And it further appearing to the court that a warrant of attachment was issued in this action on the said 7th day of August, 1893, and delivered to the sheriff of said county for service, and that such sheriff, by virtue of such writ, levied upon and seized the property of the said defendant co-partnership, and the plaintiff, by his counsel, R. H. Johnson, Alexander Hughes, and F. H. Register, having applied to the court for an order permitting the plaintiff to correct and amend his said summons and complaint: Now, therefore, in furtherance of justice, ordered, that the plaintiff be, and he hereby is, permitted to correct and amend his said summons and complaint in the particulars and in the manner shown in copies of the amended summons and complaint hereto attached, and made a part hereof. And it is further ordered that the said amended summons and complaint be filed in the said court, and that the same be served upon the said defendants, and each of them, in the manner required by law."

At a term of the District Court held in September, 1893, a motion was made by the defendants to set aside the order of August 26th, allowing the original summons and complaint to be amended; also, to vacate the original summons and the attachment proceedings in the action. The motion was in writing, and stated that "the said defendants, Washington W. Beasley, George M. Beasley, and Nat Beasley, by James G. Campbell, their attorney, appear specially for the purpose of making this motion." The grounds of the motion are stated as follows: "That the said original summons, so called, is, and was at all times, void on its face; that it was and is not a summons; that it was addressed to no person, and no person was therein or thereby required to answer to any complaint, and there was no substance in it capable of being made good by amendment; that, at or before the

time said writ of attachment was issued against the property of these defendants, no summons was issued against said defendants, and said writ was not issued in any suit then commenced or pending against these defendants; that the writ aforesaid, and the affidavit and undertaking supporting the same, and upon which said writ is based, are not properly entitled, and in neither of said papers are the defendants properly designated by name, or otherwise described, in the title or caption thereof, nor in the body of either of them; that the designation and description of the defendants in said writ are so vague and uncertain that no authority was vested in the sheriff of said county, in and by said writ, to execute the same by a levy upon the property of any person or persons; that the affidavit on which said writ is based is fatally defective in this: that the grounds of the plaintiff's claim are not therein stated; that the undertaking aforesaid is insufficient, and not in accordance with law in this: that it is not signed nor in any manner executed by the plaintiff in said action, and no person or persons are named therein as defendants in the action in which said undertaking is supposed to be given. Said motion is based upon the files and records of said action, and the proceedings therein. James G. Campbell, Attorney for the Said Defendants for the Purpose of This Motion Only." Pending the hearing of said last mentioned motion, the plaintiff, by his counsel, moved the court as follows: "The plaintiff, by his said counsel, moved the court for an order permitting the plaintiff to amend *nunc pro tunc* the said affidavit of attachment, the warrant for attachment, and the undertaking in the attachment issued in this case, by correcting the title of the action, as set out in each of said papers in this action, by setting out the individual names of the defendants, and their co-partnership relation, and by making a more specific statement of the grounds of the plaintiff's cause of action in the affidavit for and warrant of attachment; and, the court having considered each of said motions, ordered: Said motion of the plaintiff be, and the same is hereby, granted, and the defendants' said motion is overruled and denied. And it is

further ordered that the order heretofore made in this action, directing the summons and complaint and their service, as amended, is affirmed, and that the said amended summons and complaint, and each of them, have the same force and effect as if they had each been correctly drawn and prepared. And it is further ordered that the title of this action, as set out in the affidavit of attachment, the undertaking, and the warrant of attachment, be amended to read as follows: '* * * Joseph Gans, Plaintiff, vs. Washington W. Beasley, George M. Beasley, and Nat Beasley, Co-partners Doing Business under the Firm Name of W. W. Beasly & Sons, defendants.' And it is further ordered that the said affidavit and warrant of attachment be further amended so that the plaintiff's cause of action, as set out therein, shall read as follows." The court, in the same order, directed, in substance, that the body of the affidavit for attachment be so amended as to set out, in terms, that the note set out at length in said affidavit was executed by the defendants and delivered by them to the plaintiff, and that no part of the note had been paid.

The errors assigned in this court are voluminous, but may be condensed as follows: *First*, The court erred in denying defendants' motion to vacate the *ex parte* order of the District Court allowing the original summons and complaint to be amended. *Second*, The court erred in allowing a change of parties under an application to amend. *Third*, The court erred in allowing the title of the affidavit to be changed by adding new parties after a levy was made, and by allowing the body of the affidavit to be amended so as to make the same more specific as to the grounds of the action. *Fourth*, the court erred in not vacating the attachment on defendants' motion made for that purpose.

The assignments of error, considered collectively, present for solution very important questions of practice, none of which have before been considered by this court. The remedy by attachment, under the system of practice authorized by the statutes of this state, is a dependant remedy. It cannot exist independent of an action. Section 4993, Comp. Laws, provides that in certain

designated cases the plaintiff, "at the time of issuing the summons or at any time afterwards," may have the defendants' property attached, etc. There must first be an action, in which there is a plaintiff and a defendant; and a summons in the action, if not actually served, must have been "issued," before the attachment is allowed. In the case at bar a paper denominated a "summons," which was in form a regular summons, except as to the description of the defendants in its title, was issued, and delivered to the sheriff for service, before the attachment was allowed. Whether such paper was a summons which was merely irregular, and therefore amendable, or whether it was absolutely void, and hence not amendable, are the crucial questions, and decisive of this case. It is a well settled—in fact, a self evident—proposition that any process or proceeding in a civil action, which is amendable, cannot be absolutely void. Therefore the real question to be determined in this case is whether the paper issued and delivered to the sheriff for service as a summons, which is obviously irregular, was remediable by an amendment such as was allowed by the District Court. If amendable, the order appealed from must, in our judgment, be affirmed, as it is clear, we think, that if the order of the District Court allowing the summons to be rectified, as to its title, by an amendment setting out the full names of all of the defendants, together with their co-partnership name, was a proper and valid order, it will follow necessarily that the order allowing the complaint, affidavit, warrant, and undertaking to be amended, as to their titles, so as to correspond to the title in the amended summons, was also a proper order. In our opinion the order directing the amendment of the summons was properly made. True, the summons was very irregular, and the fact that the individual names of the defendants were unknown to the plaintiff when the action commenced does not excuse the blunder involved in describing the defendants by their firm name only. Section 4940, Comp. Laws, reads: "When the plaintiff shall be ignorant of the name of the defendant such defendant may be designated in any pleading or proceeding by any name;

and when his true name shall be discovered the pleading or proceeding may be amended accordingly." Section 4938, Id., reads: "The court may before or after judgment in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved." Under these statutes it would have been feasible for the plaintiff to insert fictitious names in the summons, and when the true names of the defendants were ascertained the summons could have been amended by inserting the true names in the title, in the place of those which were fictitious. Plaintiff did not, as he should have done, resort to this practice, but attempted to describe the defendants in their firm name alone, *i. e.* as "W. W. Beasley & Sons," by which name defendants had signed the note in suit. This irregularity was, however, not fatal. *Morse* v. *Barrows*, (Minn.) 33 N. W. 706. Under the sections of the statutes above set out, and others of kindred import, all of which are either literal or substantial copies from the Codes of the older states, the irregularity was, in our view, one to be corrected, in furtherance of justice, by an amendment of the summons which would more fully describe the persons sued. An attempt was made to describe the defendants in the original summons, but such description was imperfect, inasmuch as it gave only their firm name, and did not give the full Christian and sur names of the individual members of the firm, as good practice requires. Section 4938, *supra*, was originally § 173 of the Code of Civil Procedure of the State of New York. In Wait's Practice, (volume 1, p. 491,) that author, after quoting § 173 in full, proceeds as follows: "From the instances given, it will be seen that nearly every possible defect in the form of a summons has been made the subject of amendment, and that the only limit to the power to amend is that discretionary power

vested in the court for the protection of the rights of the adverse party." In volume 4, p. 650, of the same work, the following language is used: "The policy of the legislature and the tendency of the dicisions of the courts, are in favor of simplifying the practice in legal proceedings as much as possible, and of disregarding technicalities and matters of form; and especially so where it becomes necessary, for the furtherance of justice, to disregard mere technical errors. *Talcott* v. *Rosenberg*, 8 Abb. Pr. (N. S.) *287*. And such liberal construction will be extended to an original process, and even upon jurisdictional questions."

It would seem, at first blush, that a plaintiff ought to be strictly required to sue in his own proper name; but it was held in New York in *Bank* v. *Magee*, 20 N. Y. 355, where "the prosecution of a suit by an individual banker in a name imputing a corporate character, under which he carried on business, is a merely formal error, amendable in the courts of original jurisdiction." One Charles Cook was the real party in interest, but brought the action in the name of the bank of Havana, which was an incorporated bank owned by Cook. No explanation was made in the summons or complaint. Judge Denio, speaking for the court, said: "I am of the opinion that when it appeared in the trial that the plaintiff's attorney has fallen into the mistake of stating the name which Mr. Cook has given to his bank, as the creditor of Markham, and as the plaintiff in the suit, instead of his proper name, a plain case was presented for an amendment, under § 173 of the Code. * * * The error was one which could be corrected before or after judgment, in furtherance of justice." Judge Comstock in the same case says: "Mr. Cook has simply misnamed himself. He has taken the name which he used in this particular business, and, quite irregularly, has introduced himself to the court by that name. This he should have not done. He ought to have given the surname and the Christian name given him in baptism, but I consider this a mere irregularity in procedure." See *Barber* v. *Smith*, 41 Mich. 138, 1 N. W. 992; *Cady* v. *Smith*, (Neb.) 12 N. W. 95. *Manufacturing Co.* v. *Vroman*,

35 Mich. 310, is a case in point. In that case the action was brought as directed by statute in suits against joint stock associations. The process was against "Wm. A. Tomlinson, as president, for the time being, of the Kimball & Austin Manufacturing Co., a company organized and existing under and by virtue of the laws of said state, and doing business at Kalamazoo, in the county aforesaid." The defendant was not a joint stock association, but was a corporation proper, named "Kimball & Austin Manufacturing Co.;" and Tomlinson, on whom the process was served, was its president. Plaintiff was allowed to amend by striking out the name and official character of Tomlinson, and the suit then proceeded against the corporation, by its corporate name. The statute of Michigan, as that of this state, allows an an amendment "correcting any mistake in the name of any party or person." Speaking for the court, *Campbell*, J., says: "The statute was not intended to allow changes in the parties actually supposed and intended to be brought before the court. It is only in the case of an undesigned misnomer, and where the interests of substantial justice will allow it, without a real change in the identity of the opposing litigants, that such amendments should be permitted. Where, however, no substantial rights are affected, and it is clear what persons are meant to be reached, the law permits the record to be recitified by affixing the true name to the misnamed party;" citing *Sherman* v. *Proprietors, etc.*, 11 Mass. 338, which case sanctions an amendment substituting another name "where the record did not show any identity of names in the parties sought to be pursued." See, also, *Crafts* v. *Sikes*, 64 Am. Dec. 62. In New York the same liberal rule obtains. Where defendant was sued as a corporation, and there was no such corporation, an amendment was allowed, bringing in individuals who were doing business in the same name as that given to the corporation. *Newton* v. *Manufacturing Co.*, 17 Abb. Pr. 318, note. The case of *New York, etc. Milk Pan Co.* v. *Remington's Agricultural Works*, 25 Hun. 475, although reversed in 89 N. Y. 22, is an instructive case in point, and one which collates the New

York cases. The action was brought against a corporation by its name; and the general term reversed an order, made at special term, denying the plaintiff's application to amend by striking out the name of the corporation, and inserting in its place, as defendants, the names of three persons. The court of appeals, in a per curiam opinion, referring to such an amendment, say: "Its effect is to continue the action against other and different parties than the one named, thus substituting a cause of action with new and other defendants. Such an amendment is not, we think, authorized by any provision of the Code, or any of the adjudged cases." The case, however is strong authority in favor of the right to amend where the change does not involve an exchange of parties. The dissenting judge at general term does not question the right to amend in such cases. See opinion in 25 Hun. *supra. Anglo-American Packing & Provision Co.* v. *Turner Casing Co.*, (citing numerous cases) 34 Kan. 340, 8 Pac. 403, strongly supports the right of amendment for which the plaintiff is contending in the case at bar, but we deem further citations unnecessary, as the cases already referred to amply sustain the right to amend, as to the names of parties, in all cases where the amendment does not operate to prejudice the parties, and does operate in furtherance of justice. But the right to amend must be qualified so as to forbid an amendment which affects an actual change of parties. This limitation is clearly established in the cases cited from Michigan and New York.

In the case at bar, as has been shown, defendants attempted to appear specially, and for "the purposes of the motion only." See grounds of motion, *supra.* Among other grounds enumerated in the motion is one stated as follows: "That the affidavit on which said writ is based is fatally defective, in this: that the grounds of the plaintiff's claim are not therein stated." It is apparent that this alleged ground for vacating the attachment has no connection with the other grounds which precede it in the motion. The preceding grounds relate to the defective title in the summons, affidavit, writ, and undertaking,

and are all connected more or less with the question of jurisdiction; but in the ground above quoted the defendants assail the affidavit upon its merits, and invoke the power of the District Court to determine the validity of the affidavit, defendants claiming that it is wanting in substance. Defendants say, "The grounds of plaintiff's claim are not stated." This we think operates as would a voluntary appearance by the defendants, and therefore, from the time the motion to vacate the attachment was made the defendants were in court.   All defects in the original summons were cured by their general appearance, so far as the jurisdiction of the persons of the defendants is concerned. Whether such appearance would operate retrospectively to validate an attachment issued upon a void summons, we are not called upon to say, as we have held that the original summons in this case was not void, but was only irregular, and therefore amendable. As to the effect of a nominal special appearance where the defendant invokes the power of the court upon a question going to the merits, see *Curtis* v. *Jackson*, 23 Minn. 268, qualified in *Godfrey* v. *Valentine*, (Minn.) 40 N. W. 163, and *Yorke* v. *Yorke*, (N. D.) 55 N. W. 1095.

But our attention is directed by appellants' counsel to still another feature of the order appealed from. The trial court directed, in effect, that the affidavit and warrant of attachment be so amended in their body as to state, in express terms, that the note set out in the affidavit was executed and delivered by the defendants to the plaintiff, and that no part thereof had been paid.   Counsel contends, and supports this contention by numerous authorities, that an affidavit for an attachment cannot be lawfully amended in matter of substance, and, further, that the amendment authorized by the order was an amendment of that character. We cannot so construe the amendment. It is true that it authorizes the express averment of certain facts; but a careful reading of the original affidavit will show that all of such facts are averred, by necessary implication, in the original affidavit, and hence their averment, in terms, by order of the

court, was superfluous, and added no new feature. We think the affidavit was sufficient when filed, and needed no amendment. The only allegations sought to be added by the court, were those setting out in terms, that defendants executed the note, and delivered it to the plaintiff, and that it was unpaid. But the original affidavit stated that there was an existing cause of action in plaintiff's favor, to the amount of $10,000 and interest, and that the ground of such action was the note set out at length, and which purported to be signed by the defendants, and was made payable to plaintiff on its face. We think that the statement that there was an existing cause of action against defendants, and in favor of the plaintiff, in the sum of $10,000 and interest, based upon the note set out, was tantamount to an averment, in terms, that the note which is made payable to the plaintiff is unpaid, and that the same was executed by defendants, and delivered by them to the plaintiff. We are not called upon, in this case, to define just what is meant by the statutory requirement that the "grounds" of the claim must be "specified." Comp. Laws, § 4995. It is certain that in specifying the grounds no greater particularity of statement is required than would be necessary in framing similar averments in a pleading. An averment of the delivery of a writing obligatory was not necessary at common law, nor has it become necessary under the Code. *Prindle* v. *Caruthers*, 15 N. Y. 425. Nor is it necessary to aver in a complaint that a note is unpaid. *Keteltas* v. *Myers*, 19 N. Y. 231. Payment is new matter by way of defense, and hence is to be averred as defensive matter. Bliss, Code Pl. 358. Our conclusion is that the order refusing to vacate the attachment must be affirmed. All concur.