CHARLES J. STEWART *vs.* JOEL S. PARSONS, *et al.*

Opinion filed November 7th, 1895.

**Judgment by Default—Failure to Serve Defendant—Vacating.**

> A judgment was taken by default against defendants. The defendant Joel S. Parsons was served with process, but defendant Louisa F. Parsons was not served with process, although the sheriff's return showed that both were duly served. Defendants joined in a motion to vacate the judgment, and asked on the face of the motion papers to be allowed to come in and defend on the merits. The motion was based in part upon affidavits setting out the nonservice upon the wife. Such affidavits were not controverted upon the hearing of the motion. An affidavit of defendant Joel S. Parsons was made, which stated and set out in detail the various facts upon which the defendants relied as constituting a defense to plaintiff's cause of action as stated in the complaint. Said affidavit was met with an affidavit filed in plaintiff's behalf in opposition to said motion, in which all the material averments of fact as stated in the affidavit of Joel S. Parsons were met and fully denied. The motion to vacate the judgment was denied. *Held*, that such denial was error as to defendant Louisa F. Parsons. *Held*, further, that as to Joel S. Parsons the order should be affirmed for reasons stated in the opinion.

Appeal from District Court, Richland County; *Lauder*, J.

Action by Charles J. Stewart against Joel S. Parsons and Louisa F. Parsons. Judgment for plaintiff, and defendants appeal from an order denying defendant's application to vacate a judgment and to be allowed to come in and answer.

Affirmed in part and reversed in part.

*Lyman B. Everdell*, for appellants.
*McCumber & Bogart*, for respondent.

WALLIN, C. J. This is an action to foreclose a real estate mortgage given by the defendants, who are husband and wife, jointly, to secure a promissory note executed by the husband alone. Neither of the defendants appeared in the action before the entry of judgment, and in due time a default judgment was entered, which is in the usual form in such cases, and adjudges that the wife shall be debarred of all right, title, and interest in the premises covered by the mortgage, and adjudges that plaintiff

N. D. R.—18.

recover from the husband the sum claimed to be due upon the note, with costs, and that the premises be sold to satisfy such claim, and the plaintiff have execution against the husband for any deficiency which may exist after selling said premises. The judgment was entered on the 20th day of February, 1894. On the 23rd of June, 1894, a notice of motion on behalf of the defendants jointly was served on the attorneys for the plaintiff by Lyman B. Everdell, Esq., who signed the notice as "attorney for the defendants for the purpose of the motion only." The object of the motion as expressed on the face of the notice was "to vacate and set aside the judgment herein, and to allow the defendants to answer to the complaint, and for such other and further relief as the court may deem just." The motion was supported by the affidavits of both defendants and by an affidavit of merits made by their said attorney. The affidavit of the defendant Louisa F. Parsons related wholly to the service of the summons and complaint in the action, and was to the effect that no service thereof was ever made upon her, either personally or otherwise. Defendant Joel S. Parsons' affidavit embraced, with other matter, a statement to the effect that he was personally served with a copy of the summons and complaint in the action when he was not at home, and when he was about one mile distant from his residence; and that the sheriff then and there delivered to him an extra copy of the summons and complaint, to be delivered to his said wife, and that he never did deliver them to his wife. The sheriff's return in the record certified that the sheriff had personally served the summons and complaint on both defendants, but upon the hearing of the motion the sheriff's return was not corroborated by the sheriff's affidavit, nor were the statements made in defendants' affidavits relative to the service upon the wife opposed by any proof whatever save only the return of the sheriff as indorsed on the summons. The affidavit of Joel S. Parsons further set out, in substance, as an excuse for his non-appearance in the action before the entry of the judgment, that the facts upon which he relied as a defense to the action, and

hereafter referred to, never came to his knowledge until a date subsequent to the entry of the judgment. The facts which Joel S. Parsons relied upon as a defense, and which the defendants desired to interpose as a defense as against the foreclosure of said mortgage, were narrated at length and in detail in his said affidavit; but it will be unnecessary to quote from the affidavit here, or do more than to state that the statements of fact relied upon by him were wholly uncorroborated by other proof, and that all of such statements as to the merits were met and fully denied by an affidavit made and filed in plaintiff's behalf in opposition to the motion.

We may as well pause here, and consider the nature of the application to vacate the judgment, especially so far as the defendant Joel S. Parsons is concerned. In our opinion, it is entirely clear that the application as to him did not rest upon a definite legal right, but was, on the contrary, an appeal to the favor of the trial court, and nothing else. He had been regularly served with the process of the court, and made default for appearance. In due course of practice a default judgment was regularly entered in the action. To entitle Joel S. Parsons to have such judgment vacated as to him, it was incumbent upon him to satisfy the trial court, not merely by excusing his nonappearance in the action before judgment. He had the further burden of satisfying the court whose favor he was seeking that he had a valid defense upon the merits. We have seen that upon the matter of his proposed defense to the action that he rested his application upon his own unsupported affidavit, and that all the important facts contained in his affidavit were met by a full and detailed denial by an affidavit filed in plaintiff's behalf in opposition to the motion. Upon the presentation of the matter to the trial court that tribunal became vested with a sound judicial discretion either to grant or refuse the application. Nor could this court, except in a case of an unsound exercise of such discretion, review the action of the trial court. We certainly can discover no improper exercise of discretion in denying the application as

to the defendant Joel S. Parsons, and shall therefore affirm the order of the court below as to him.

But the application of the wife rests upon a footing radically different. She brought to the attention of the trial court the fact that she had never been served with process in the action, and her proofs of such nonservice were abundant, and not controverted by a single affidavit. In this court the fact of nonservice was conceded upon the argument. Upon such showing it appeared that the court below was, when the judgment was entered, wholly without jurisdiction of the person of the wife. As to her, the judgment was clearly void for want of jurisdiction of her person in the action. True, the application was made by defendants jointly, and, so far as the grounds of the application were common to both defendants, the order denying the application applied to both; but the application as to Louisa F. Parsons stood upon an independent ground,—*i. e.* the ground of want of jurisdiction as to her. But the appearance of the defendants was a general appearance for the purposes of the motion. They sought not alone to vacate the judgment, but to go further, and be permitted to come in and answer the complaint, and for other and further relief. See *Gans* v. *Beasley*, (4 N. D. 140,) 59 N. W. 714. We are inclined to hold, however, and shall so hold, that a general appearance after judgment ought not to operate to validate a void judgment. In *Yorke* v. *Yorke*, 3 N. D. 343, 55 N. W. 1095, the matter was discussed, but not squarely decided. See *Godfrey* v. *Valentine*, 39 Minn. 336, 40 N. W. 163, in support of our holding. The defendant Louisa F. Parsons has never had an opportunity to answer the complaint, which on its face states a cause of action against her. It follows that, after her general appearance, resulting from their application to vacate the judgment and for further relief, she was entitled, as a matter of strict legal right, not only to have the judgment vacated as to her, but also to have the right belonging to every defendant, viz. the right to answer the complaint in the action. The denial of the motion deprives her of both of these rights, and therefore is prejudicial error as to her,

and this error must lead to a partial reversal of the order appealed from; neither party to have either costs or disbursements in this court. The court below will modify its order so as to conform to the views expressed in this opinion. All the judges concurring.