(103 N. W. 628.)

---

Louisa F. Parsons v. P. J. McCumber and B. L. Bogart, Co-partners as McCumber & Bogart, and W. E. Purcell.

Opinion filed May 10, 1905.

**Estoppel — Evidence.**

1. The defendants, who were the real owners of a note and mortgage, foreclosed the mortgage by action in the name of the nominal holder, and collected the greater part of the debt. They concealed from the present plaintiff, who was a defendant in the foreclosure suit, the fact that they were the real owners of the cause of action in the foreclosure suit, and represented to her that the nominal plaintiff was the real creditor. The plaintiff was not misled thereby to

her prejudice, but, after discovering the facts as to the true owner-
ship, procured from the nominal creditor an instrument purporting to
assign to her said creditor's claim for the money so collected. *Held,*
that the defendants were not estopped to assert that they were the
real owners of the money collected.

Appeal from District Court, Richland county; *Fisk, J.*

Action by Louisa F. Parsons against P. J. McCumber and others.
Judgment for defendants, and plaintiff appeals.

Affirmed.

*A. L. Parsons* and *Smith Stimmel,* for appellant.

The appellant purchased the judgment from Stewart, relying
upon the acts and declarations of the respondents, and they are
estopped from claiming that they are the owners of such judg-
ment, as against appellant's claim. Respondents persistently main-
tained that Stewart was the real owner of the judgment throughout
all the controversies of these parties until this suit was begun, and
cannot set up the claim of ownership in themselves. Ohio M. R.
Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693; Boggs v. Merced
Mining Co., 14 Cal. 280-367; Carpenter v. Thurston, 24 Cal. 269-
2 82; Bigelow on Est. 556, 558, 569, 573, 577, 600; Manufac-
turers & T. Bank v. Hazard, 30 N. Y. 226; Ketchum et al. v.
Duncan et al., 96 U. S. 868; 11 Am. & Eng. Enc. Law (2d Ed.)
421, 434; Norman v. Eckerman, 63 N. W. 170; Brown v. Bowen,
30 N. Y. 540; McNeil v. Tenth Nat. Bank, 46 N. Y. 325; Sessions
v. Rice, 30 N. W. 735; Hefner v. Vandolah, 57 Ill. 520; 11 Am.
& Eng. Enc. of Law (2d Ed.) 427; Dodge v. Pope, 93 Ind. 487 and
note; 11 Am. & Eng. Enc. of Law (2d Ed.) 450; 11 Am. & Eng.
Enc. of Law (2d Ed.) 436; 14 Ohio St. 414; 16 Ohio St. 75; Pea-
body v. Lloyd, Banker, 68 N. W. 92; Parliman v. Young, 4 N. W.
139; Brigard v. McNiel, 38 Ill. 400; Bigelow on Estoppel, 586; Fitch
v. Baldwin, 17 Johns. 161; Buckman v. Attwood, 44 Ill. 182;
Grissler et al. v. Powers, 81 N. Y. 57; Coombs v. Chandler, 33
Ohio St. 178.

*Purcell, Bradley & Divet* and *McCumber, Forbes & Jones,* for
respondents.

Stewart was the trustee of an express trust, and the trust was
valid. Pom. Eq. Jur., section 988, note 5; Rev. Codes 1899, section

5223; Pom. Eq. Jur., section 989, note 5; Considerant v. Brisbane, 22 N. Y. 389; Beach on Trusts, 37; Perry on Trusts, sections 81-2; Perry on Trusts, section 86; Childs v. Gordon, 106 Mass. 322; Hackney v. Vrooman, 62 Barb. 650; Beach on Trusts, 51.

No estoppel has been shown that would preclude respondents from showing who were the real owners of the judgment. Appellant should have made clear to respondents the purpose of her desire to know who was the owner of the judgment, or the respondents cannot be said to have had any intention that their representations should be acted upon. Bigelow on Estoppel, p. 617; Cravens v. Kitts, 64 Ind. 581; Shippley v. Fox, 16 Atl. 275; Pierce v. Andrews, 6 Cush. 4; Chester v. Grier, 24 Tenn. 26; Wolley v. Chamberlin, 24 Vt. 270; Hackett v. Callendar, 32 Vt. 97.

ENGERUD, J. The plaintiff has appealed from a judgment of the district court dismissing her action. The action was tried by the court without a jury, and the appellant demands a review of the entire case. The respondents object to a trial de novo on the ground that the statement of the case was improperly settled, and have moved to strike the same from the record. We have examined the record pertaining to that motion, and are agreed that the statement was properly settled; but, inasmuch as the judgment must be affirmed on the merits, it is not necessary to state our reasons for overruling the objections to the propriety of the statement.

On February 20, 1894, in an action wherein Charles J. Stewart was plaintiff and Joel S. Parsons and this appellant, his wife, were defendants, default judgment was rendered and entered in favor of said Stewart and against Joel S. Parsons for the sum of about $1,100, and foreclosing against both defendants therein a real estate mortgage given by them to secure a note previously given by Joel S. Parsons to said Stewart. Pursuant to this judgment the mortgaged land was sold at sheriff's sale to W. E. Purcell for the sum of $900. After that sale Mr. and Mrs. Parsons applied to the district court for an order vacating the judgment and for leave to answer. The application was denied by the district court, and an appeal was then taken to the Supreme Court. On that appeal the order was affirmed as to Mr. Parsons and reversed as to Mrs. Parsons. The decision on that appeal is reported in Stewart v. Parsons, 5 N. D. 273, 65 N. W. 672. While that appeal was pending an execution was issued to collect the balance of the judg-

ment left unpaid after the sale of the land. Pursuant to this execution a quantity of oats belonging to Joel Parsons was seized and sold by the sheriff. The net proceeds of such sale credited on the judgment were about $200. Throughout all these proceedings the firm of McCumber & Bogart appeared as attorneys for Charles J. Stewart, the plaintiff in said foreclosure suit. In the spring of 1897 the plaintiff's husband, claiming to act as the agent of the plaintiff, procured from Charles J. Stewart a formal satisfaction of the judgment, and also a written assignment to the plaintiff of all claims and demands then existing in favor of Stewart against any and all persons whomsoever on account of moneys or other property received or collected by them under or by virtue of said judgment. Stewart was paid $100 for the satisfaction and assignment. The present action was commenced in November, 1900, to recover from McCumber & Bogart the amount collected by them as attorneys for Stewart as the result of the execution sales mentioned; the plaintiff claiming under the assignment from Stewart. Purcell is also made a party defendant, but no money judgment is demanded against him; it being alleged merely that he has or claims to have some unknown interest in or claim upon the demand in question. The prayer for judgment is for the recovery of a specific sum of money from McCumber & Bogart, "and for such other and further relief as she may be entitled to in the premises."

The action seems to have been treated by all parties as a suit in equity for an accounting, and we will accept that view of it, without questioning the propriety thereof.

It is conceded that the proceeds of the execution sales have never been paid over or accounted for to Mr. Stewart. The main defense is that Stewart was merely the nominal plaintiff in the foreclosure suit; that the debt involved in that suit was at all times, both before and after the commencement of that suit, and is still, actually owned by the defendants in this action, Messrs. McCumber & Bogart and W. E. Purcell, and that Mr. Stewart was merely a passive trustee for the benefit of these defendants. It is undisputed that the actual fact with respect to the ownership of the cause of action in the foreclosure suit is as alleged by the defendants, but the plaintiff contends that she procured and paid for the satisfaction and assignment in good faith, relying upon Stewart's apparent ownership of the judgment, and that defendants,

by their conduct, induced her to believe that Stewart was the real owner thereof, and hence that they are estopped to allege ownership in themselves.

It is clearly established by the evidence that the plaintiff, at the time of the taking of the assignment, and a long time before, not only suspected and believed that Stewart was a mere nominal owner of the judgment, but had positive information from the defendants themselves that Stewart had no actual interest in the claim involved in the foreclosure suit. Moreover, among the moving papers used in support of the motion to vacate the foreclosure judgment was an affidavit, sworn to by plaintiff's husband, in which it is stated in positive terms that McCumber & Bogart, and not Stewart, were the real plaintiffs in the case. The entire record on that motion is not in evidence, but, so far as the parts of that record before us disclose anything on the subject, it appears that in opposing the motion to vacate there was no denial of the facts alleged by the moving parties as to the real ownership. Mrs. Parsons was successful on that motion, and it is therefore clear that no prejudice could have resulted to her from the fact that the foreclosure proceedings were instituted in the name of Stewart, instead of in the names of the real parties in interest. If the fact that McCumber & Bogart were the real owners of the cause of action, in whole or in part, was material to her, she then had knowledge of the fact, and was in a position to avail herself of it. It is not pretended that these defendants ever misrepresented to or concealed from this plaintiff the truth as to their real connection with the cause of action in the foreclosure suit after that suit was commenced. The fact that the defendants, before the commencement of the foreclosure suit, concealed from the plaintiff and her husband their true relation to the cause of action in that suit, and represented to the debtors that Stewart was the real creditor, is of no avail to this plaintiff, because she subsequently discovered the concealment and misrepresentations, and was in no way prejudiced thereby. Under these circumstances there is no estoppel by conduct. She procured the assignment from Stewart, knowing he had nothing to assign; and she had not, before taking the assignment, been induced to alter her position to her prejudice by any concealment or misrepresentation on the part of the defendants.

It is unnecessary to express any opinion as to the. defense of the statute of limitations, because we are clear that no cause of action ever existed.

The judgment is affirmed. All concur.