[File No. 6432.]

AL G. BARNES AMUSEMENT COMPANY, a Corporation, Petitioner, v. THE DISTRICT COURT in and for the County of Ramsey, Second Judicial District, State of North Dakota, Respondent.

IN THE MATTER OF CHARLES W. BUTTZ, Plaintiff, v. GEORGE ROBINSON, and The Al G. Barnes Amusement Company, a Corporation, Defendants.

(268 N. W. 897.)

728

Opinion filed August 20, 1936.

*Traynor & Traynor,* for petitioner.
*F. T. Culhbert* and *Sinness & Duffy,* for respondent.

NUESSLE, J.   The petitioner, The Al G. Barnes Amusement Company, seeks to invoke the exercise by this court of its power of superintending control pursuant to the provisions of § 7339, Comp. Laws 1913 and § 86 of the Constitution of North Dakota, and in that behalf prays for the issuance of a supervisory writ to be directed to the district court of Ramsey county.

The petitioner is a foreign corporation operating a circus and wild animal show.   S. L. Cronin is its managing agent.   Charles W. Buttz, the plaintiff in the action out of which this proceeding arose, is a citizen of North Dakota residing at Devils Lake, North Dakota.   On June 13, 1936, plaintiff caused a summons to be issued in an action wherein he sought to recover damages for an assault made upon him by the defendant corporation and its agents.   Omitting the venue and title the summons was in the following form, to-wit:   "You are hereby summoned to answer the complaint in this action which will be filed in the office of the Clerk of the District Court in and for said Ramsey County with the Clerk thereof, and to serve a copy of your answer upon the subscriber within thirty days after the service thereof, exclusive of the day of service, and in case of your failure to appear or answer judgment will be taken against you by default for the relief demanded in the complaint."

The summons was subscribed by plaintiff's attorney who added to his signature his address, specifying a place within the state where there is a post office.   But the summons was not dated.   It was served

upon Cronin the defendant's managing agent within the state of North Dakota on June 27, 1936. Thereafter the defendant appearing specially procured the issuance of an order to show cause why the summons and service thereof should not be set aside and the plaintiff prohibited from proceeding further in the district court. On the return day, after hearing, the order to show cause was discharged and the defendant was granted thirty days from the date of the service of the summons on June 27 within which to answer the complaint. Thereupon the defendant made the instant application for a supervisory writ on the ground that the summons was defective and void and that the district court had acquired no jurisdiction of the defendant by the service thereof.

No question is raised as to the propriety of the instant proceeding. Petitioner and respondent join in requesting the court to pass upon and determine the issues made on the petitioner's application and the respondent's return. So the only question before the court at this time is as to whether the summons served upon Cronin the managing agent of the defendant corporation on June 27 was so deficient in form and content as to be ineffective to confer jurisdiction over the defendant on the district court of Ramsey county.

The following sections of the Code of Civil Procedure, North Dakota 1913 Comp. Laws, are pertinent, to-wit:

Section 7420.

"Civil actions in the courts of this state shall be commenced by the service of a summons."

Section 7421.

"The summons must contain the title of the action, specifying the court in which the action is brought, the names of the parties to the action and the name of the county in which the plaintiff desires the trial, and shall be subscribed by the plaintiff or his attorney, who must add to his signature his address, specifying a place within the state where there is a post office."

Section 7422.

"The summons exclusive of the title of the action and the subscription must be substantially in the following form, the blanks being properly filled:

"The state of North Dakota to the above named defendant:

"You are hereby summoned to answer the complaint in this action and to serve a copy of your answer upon the subscriber within thirty days after the service of this summons upon you, exclusive of the day of service; and in case of your failure to appear or answer judgment will be taken against you by default for the relief demanded in the complaint.

"Dated . . . ."

Section 7423.

"A copy of the complaint need not be served with the summons. In such case the summons must state that the complaint is, or will be, filed with the clerk of the district court in the county in which action is commenced, and if the defendant within thirty days thereafter causes notice of appearance to be given and in person, or by his attorney, demands in writing a copy of the complaint, specifying a place within the state where it may be served, a copy thereof must, within thirty days thereafter, be served accordingly, and after such service the defendant has thirty days to answer, but only one copy need be served on the same attorney. Where the summons states that the complaint is or will be filed with the clerk of court and the same is not so filed within thirty days after the date of such summons, the action will be deemed discontinued."

Section 7482.

"The court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved."

Section 7484.

"When the plaintiff shall be ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name shall be discovered the pleading or proceedings may be amended accordingly."

Section 7485.

"The court shall, in every stage of an action, disregard any error or

defect in the pleading or proceedings, which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The petitioner in support of its application urges that the summons is defective in substance for the reason that it fails to comply with the requirements of § 7422, in that it recites that the defendant is required to answer the complaint which will be filed in the office of the clerk of district court within thirty days after the service of such complaint upon the defendant instead of "within thirty days after the service of this summons" upon the defendant as prescribed in the form set out in § 7422, and further for the reason that the summons as served upon the defendant was not dated.

Section 7421 prescribes what the summons must contain. Whether or not this section is mandatory we need not now determine. The summons here in question meets all the requirements thus prescribed.

Now as to § 7422. The wording of the section is that the summons must be "substantially" in the form set out therein. The summons is not a pleading but is a process or in the nature of process. Follower v. Laughlin, 12 Abb. Cr. 105. Its object is to apprise the party defendant that the plaintiff in the action seeks judgment against him and when it fairly appears that he is apprised of that fact the court acquires jurisdiction to render judgment in the action. 2 Wait, New York Prac. 2d ed. p. 1250, and cases cited. Dunn v. Bloomingdale, 14 How. Pr. 474. Section 7421 evidently was adopted from the New York Code of Procedure (§ 128). It is first found as § 97 of the Territorial Code of Civil Procedure enacted in 1862 and was codified in the 1887 Dakota Compiled Laws as § 4893. It was put in its present form in the North Dakota Revised Codes of 1895. Section 7422 first appears as § 5248, Revised Codes 1895. It apparently was inserted by the revisers. It is identical with § 418 of the New York Code of Civil Procedure. See Stover's N. Y. Anno. Code of Civil Procedure, 1893. It superseded § 98 of the Territorial Code of Civil Procedure which was codified in the 1887 Compiled Laws as § 4894. Section 98 of the Territorial Code of Civil Procedure was also adopted from the New York Code of Procedure and is identical with the 129th section of that code. This section required that (1) Where the action was brought to recover a money demand the amount must be specified

and the defendant notified that in case of his default judgment would be taken against him for that sum, and (2) if the action were for any other cause that the defendant should be notified that in case of his default application would be made to the court for such relief as the plaintiff might specify in his complaint. In Dunn v. Bloomingdale, supra, the summons was issued as in an action other than to recover a money demand when in fact the complaint stated a cause of action for a money demand. No complaint was served. The defendant demanded and received a copy of the complaint. Defendant then moved to set aside the complaint on the ground it did not conform to the summons. The court in denying the motion held that "Where a summons is issued under the second subdivision of § 129, when it should have been issued under the first subdivision of that section, it is a harmless error, which it does not concern the defendant to have corrected." In McCoun v. New York C. & H. R. R. Co. 50 N. Y. 176, 177, dealing with the same sort of question, it was said: "A departure from the Code in any particular, in the progress of an action, does not necessarily affect a substantial right. A strict and literal compliance with a statutory regulation is not necessarily of the substance of the remedy, or substantial in its character. Whatever is a question of practice is of the same character, whether it arises under a positive statute, an express rule of the court, or the settled usages and law of procedure. Under either a substantial right may be affected, and the questions may be such as to exclude the exercise of any discretion, but these are exceptional cases. Most of the provisions of the Code are modal and intended for the regulation of the formal procedure in the action, and are no more sacred than any other rules of practice. The Code recognizes this: 1st. By directing that any defect or error in the pleadings or proceedings which do not affect the substantial right of the adverse party, shall be disregarded in every stage of the action. (Code, § 176. [Comp. Laws 1913, § 7485, supra.]) And, 2d. By giving the largest liberty to the court in its discretion, either before or after judgment to amend any pleading, process or proceeding by correcting a mistake in any respect. (Code, § 173. [Comp. Laws 1913, § 7482, supra.]) If a literal adherence to the Code, and its forms and requirements, had been deemed a substantive right and essential in every case, these two sections would not have been enacted." See, also, in this connection

Loring v. Binney, 38 Hun, 152, 3 How. Pr. N. S. 120. We cite these authorities because they deal with procedural statutes identical with ours, or out of which our present statutes have grown. Considering our own statutes further it is to be noted that if § 7422 is mandatory, then there was no need to continue § 7421. As is said in 1 Freeman on Judgments, 5th ed. at page 692: "The objects to be accomplished by process are to advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named and make such defense as he has, and in default of his so doing that judgment against him will be applied for or taken in a sum designated or for relief specified. If the summons actually issued accomplishes these purposes, it should be held sufficient to confer jurisdiction, though it may be irregular in not containing other statements required by the statute. If, on the other hand, it is wanting in these essential particulars, it will generally fail to give the court jurisdiction. It is sufficient in any case that the process is regular enough to inform the defendant of the nature of the proceedings against him, of the interest he has in them and of the court where the hearing will take place." We hold, therefore, that § 7422 is directory only and that any form of summons which meets the requirements of section 7421 and fulfills the purposes of a summons, that is, that apprises the defendant that the plaintiff in the action seeks judgment against him, is sufficient to confer jurisdiction upon the court wherein its venue is fixed. If it is irregular in form only, then it may be amended pursuant to the terms of § 7482, Comp. Laws 1913, supra, and consistent with § 7485, Comp. Laws 1913, supra. This court in Gans v. Beasley, 4 N. D. 140, 59 N. W. 714, in considering the power of the court to amend the summons in a case where the defendants were not properly designated, said: "An attempt was made to describe the defendants in the original summons, but such description was imperfect, inasmuch as it gave only their firm name, and did not give the full Christian and surname of the individual members of the firm, as good practice requires. Section 4938, supra, (Comp. Laws 1913, § 7842, supra) was originally § 173 of the Code of Civil Procedure of the state of New York. In Wait's Practice (vol. 1, p. 491) [See Wait's Practice, 2d ed. vol. 2, p. 1277] that author, after quoting § 173 in full, proceeds as follows: 'From the

instances given, it will be seen that nearly every possible defect in the form of a summons has been made the subject of amendment, and that the only limit to the power to amend is that discretionary power vested in the court for the protection of the rights of the adverse party.' In vol. 4, p. 650 of the same work, the following language is used: 'The policy of the legislature and the tendency of the decisions of the courts are in favor of simplifying the practice in legal proceedings as much as possible, and of disregarding technicalities and matters of form; and especially so where it becomes necessary, for the furtherance of justice, to disregard mere technical errors. Talcott v. Rosenberg, 8 Abb. Pr. N. S. 287. And such liberal construction will be extended to an original process and even upon jurisdictional questions.' "

Now in the instant case the summons served upon Cronin recites that the complaint will be filed with the clerk of the district court of Ramsey county. Under the terms of § 7423, Comp. Laws 1913, the defendant may demand a copy of the complaint. Thereupon a copy must be served within thirty days thereafter and after such service the defendant has thirty days within which to answer. Certainly the defendant was apprised by the summons that was served of all the matters necessary to inform him of the beginning of the action and that the plaintiff was demanding judgment against the defendant for relief as set out in the complaint. The defendant was apprised where the complaint would be filed. The defendant knew how and where and when it could procure a copy of the complaint and knew that it had thirty days after the complaint was served within which to answer. As a matter of fact, a recital in the summons that a copy of the answer must be served within thirty days after the service thereof would be inaccurate because the answer need only be served within thirty days after the service of the copy of the complaint. So, therefore, the departure in the summons from the form prescribed by § 7422 was merely an irregularity; it could not in any way prejudice the defendant and we are of the opinion that no amendment thereof was necessary. In Foster v. Wood, 30 How. Pr. 284, the court said: "The omission to serve with the summons a copy of the complaint or no complaint having been served, to state in the summons where it was or would be filed, did not render the judgment void. It was an irregularity of which advantage could be taken by motion for the court acquired juris-

diction by the service of the summons, and a defect like this in the form of it was amendable."

Now with respect to the matter of the failure to date the summons. Here, also, we cannot see how the defendant could be prejudiced by reason of the lack of date. The defendant, of course, knew that if the complaint were not filed within thirty days after the date of the service the action would be deemed discontinued under § 7423, supra, for necessarily it could not bear a date subsequent to the date of service. If a copy of the complaint were demanded and served thereafter within the time prescribed by the statute, then certainly the action would not have been discontinued. The defendant would be apprised of all the pleaded contentions of the plaintiff with respect to the cause of action and no possible prejudice could be suffered: So it seems to us that the failure to date the summons was also merely an irregularity which, viewed in its most serious aspect could be remedied by an amendment.

In this connection we may say that it appears from the record in this proceeding that the order to show cause in the district court was issued on July 3 and made returnable on July 10. On July 9 the plaintiff made an ex parte application to a judge of the district court of the Second judicial district other than the one before whom the order to show cause was returnable for leave to amend the title to the action. The motion was granted and the court ordered that the summons be "and the same is hereby amended as of June 13, 1936, to so name and designate the defendants and that an amended summons so designating the said defendants and a complaint so designating the said defendants may be filed herein." Thereafter and on July 10 an amended summons and a complaint in the action were filed in the office of the clerk of the district court of Ramsey county. This amended summons bore date as of June 13. In his return to the order to show cause issued out of the district court on July 3, the plaintiff set up the fact of this amendment and that the amended summons and complaint had been filed and a copy of the amended summons was included in the return.

The defendant challenges the propriety of the ex parte order on the ground it had no notice of the application for leave to amend, and further insists that the application was only for leave to amend the title to the action and not the date of the summons. It also challenges

the propriety of the application on the ground that the motion to set aside and quash the summons and the service thereof was then pending before another judge of said district court. With respect to the matter of the date, it is sufficient to say that in its order of July 9 the district court provided that the amendment should be as of date June 13, 1936, the date when the summons was in fact issued, and that thereafter and at the time of the hearing on the order to show cause the court hearing that matter took cognizance of the amendment of the title and the dating of the amended summons.

In any event, considering the whole record in this matter, it is clear that all the proceedings had were such that the defendant was fully apprised of every matter that in any way affected its rights; it had the advantage of every statutory safeguard given by the provisions of the Code with respect to the summons and the service thereof; it could not and did not suffer prejudice in any respect by reason of the irregularities in the summons of which it complains. As is said in McCoun v. New York C. & H. R. R. Co. 50 N. Y. 176, supra: "The question whether a party in court, by the regular service of a summons, irregular it may be in form, shall litigate in that suit or upon the service of another summons, slightly different in form, when he has not been misled and does not lose the benefit of any defense he may have had, and when the defenses in the two actions must be precisely the same, does not affect any substantial right."

Accordingly, we hold that the District Court had jurisdiction of the defendant and of the action by virtue of the service of the summons upon the agent Cronin on June 27, and that all that was thereafter done was within the limits of its discretion.

The writ is accordingly denied.

BURKE, Ch. J., and MORRIS, BURR and CHRISTIANSON, JJ., concur.