MARTIN CADY, APPELLANT, v. MONROE E. SMITH, AND ADELBERT J. CRITTENDEN, APPELLEES.

Attachment. An attachment by a non-resident partnership in the firm name is not void. The want of legal capacity to sue must be objected to on that ground, or it will be waived.

APPEAL from Butler county. Tried below before POST, J.

*E. R. Dean*, for appellant.

*Clinton, Hart & Brewer*, for appellees.

MAXWELL, J.

This case grew out of the case of *Smith & Crittenden v. Steele*, 8 Neb., 115. In that case an action was brought against the Alexis Mercantile Association and the stockholders, the parties being joined in one action. The question whether an action in that form could be maintained was not raised by demurrer, answer, or in any other manner. The plaintiffs in that action recovered judgment for a large amount against not only the corporation but the stockholders thereof, and as the corporate property seems to have been squandered the defendants herein have proceeded against the property of the stockholders. One E. W. Wright was a stockholder in such corporation, and the owner of the south one-half of the south-east one-fourth of sec. 28, in township 16 north, range 1 east, in Butler county, having entered the same as a homestead, the patent therefor being dated November 10th, 1875. In 1877 this land was attached in the suit of *Smith & Crittenden v. Steele et al.*, and afterwards, judgment being rendered in favor of the plaintiffs in that action, the land was ordered to be sold under the attachment. While that suit was pending Wright sold the land in dispute to the plaintiff, who now brings this action to enjoin a sale under the attachment. The action was dismissed in the court below, and the plaintiff now appeals to this court.

Section 136 of the chapter entitled Corporations, Comp. St., 156, provides that: "Every corporation hereafter created shall give notice annually in some newspaper printed in the county or counties in which the business is transacted, and in case there is no newspaper printed therein, then in the nearest paper in the state, of the amount of all the existing debts of the corporation, which notice shall be signed by the president and a majority of

the directors; and if any corporation shall fail to do so,, all the stockholders of the corporation shall be jointly· and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given."

In *Garrison v. Howe*, 17 N. Y., 458, it was held that to make the parties liable the debt must have been contracted during a default, and that they were not personally liable for a debt contracted before the time fixed by law for the publication of the report.

It appears, however, that the entire amount of this debt was contracted while the corporation was in default in publishing the notice required, and that all the indebtedness except about $400.00 was contracted after Wright received his patent.  As to that portion of the debt which was contracted before the patent was issued the real estate in question is not liable, even if it has been levied upon under the attachment, as such lands are expressly excepted from liability in such cases.  As to the remainder of the debts the land is subject, although no more can be held in any case than is sufficient to satisfy the judgment.  The liability of a stockholder for debts contracted by the corporation, while it was in default of publication of the annual notice required by law, as to the amount of its debts, is purely statutory, and cannot and should not be extended beyond the strict letter of the statute, as primarily a stockholder is only liable for the amount remaining unpaid upon his stock.

Objection is made that the attachment is in the firm name of Smith & Crittenden, and that firm not being formed to do business in this state it is claimed that the attachment is void.

At common law a suit in the firm name by a company not incorporated, could not be maintained without disclosing the names of the individual partners, because it lacked the certainty deemed to be necessary in judicial

proceedings. And under the code it should be alleged that the company was formed for the purpose of doing business in this state. But the objection of the plaintiff under the statute is, that Smith & Crittenden could not sue by that name, by reason of either some personal disability, or because they have no title to the character in which they sue. In this case the particular objection is that the action was not brought in the individual names of the partners, but in their firm or business name. This is an objection that can be waived, and will be, unless objection upon that ground is made at the proper time. And after judgment it is too late to make such objection available. There is no error in the record, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.