THE ANGLO-AMERICAN PACKING AND PROVISION COMPANY v. THE TURNER CASING COMPANY.

1. PETITION, *No Error in Amending.* Where the plaintiff, a corporation, sued the defendant under the name of "The Turner Casing Company," alleging that it was a non-resident corporation, and attached property belonging to a company by that name, and obtained service by publication in a newspaper, and afterward a general appearance was made by "The Turner Casing Company," and an answer was filed by such company to the merits of the action, and the answer also showed that "The Turner Casing Company" was not a corporation, but was a copartnership composed of four members, giving their names, and the plaintiff then by leave of the court amended its petition by alleging that the Turner Casing Company was a copartnership, and giving the names of the copartners, and changing the title to its petition to correspond with the amended allegations, *held*, that the court did not commit error in permitting the plaintiff to make such amendment.

2. ——— *General Appearance.* The general appearance made by the defendants was made in the name of "The Turner Casing Company," but as that company was a copartnership composed of four members, *held*, that such appearance was not only made by the company, but also by the members thereof.

3. JURISDICTION; *Action Dismissed; Error.* And in such a case, after the petition was amended as aforesaid the defendant appeared specially, and moved to dismiss the action on the following grounds, to wit: "For the reason that no service of a summons, either actual or constructive, has

been made upon said defendants, or either of them, nor have they, or either of them, entered their appearance herein in any manner except for the purpose of this motion," and the court below sustained the motion and dismissed the plaintiff's action. *Held*, Error; that the defendants, by making an appearance and filing an answer to the merits of the action in the name of "The Turner Casing Company," surrendered jurisdiction of their persons to the court, and were bound by such appearance and answer.

### *Error from Wyandotte District Court.*

SEPTEMBER 6, 1884, the court dismissed the action at the cost of the plaintiff, *The Anglo-American Packing and Provision Company.* It brings the case here. The opinion states the nature of the action, and the material facts.

*Goodin & Keplinger*, for plaintiff in error; *Thomas P. Fenlon*, of counsel.

*Pratt, Brumback & Ferry*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On November 27, 1883, an action was commenced in the district court of Wyandotte county, with the following title, to wit: "The Anglo-American Packing and Provision Company, Plaintiff, *v.* The Turner Casing Company, Defendant." In the petition it was alleged that both the plaintiff and the defendant were corporations duly organized under the laws of the state of Illinois. At the same time an affidavit for an order of attachment was filed by the plaintiff, which states, among other things, "that said defendant, the Turner Casing Company, is a foreign corporation, and a non-resident of the state of Kansas." On the same day an affidavit for service by publication was also filed, which states that the defendant is a foreign corporation and a non-resident of the state of Kansas, and also that "service of summons cannot be made upon it within the state of Kansas." A summons and an order of attachment were issued in the case. The sheriff returned the summons on the same day, and in his return stated as follows: "Not served, for the reason that I could find no superintendent, manager, agent, clerk

of the Turner Casing Company in my county upon which to serve the same." The order of attachment was served by seizing certain property as the property of the defendant. A forthcoming bond was then given by William Cudworth, as principal, in whose possession the property was found, and W. H. Ryus and D. R. Emmons, as sureties. Service of summons was then made by publication in a newspaper. The notice of summons published in the newspaper was entitled the same as the petition, the defendant being mentioned as "The Turner Casing Company," and then the notice stated as follows: "To the above-named defendant: You are hereby notified that you have been sued," etc. This notice did not state whether the defendant was a corporation, or a copartnership, or something else; but it required the defendant to answer on or before January 11, 1884. On January 2, 1884, an order was made by the district court, which, after a title similar to that of the petition, reads as follows: "On motion, both parties appearing, the time for defendant to plead in this case is extended, and leave given to defendant to plead on or before February 10, 1884." By a stipulation of counsel this time was subsequently extended to February 23, 1884. On February 20, 1884, the defendant filed an answer entitled as above, and containing: First, a general denial; second, a denial that the Turner Casing Company was ever a corporation, but alleging that "The Turner Casing Company was, at the dates of the transactions set forth in said petition, ever since has been, and still is, a copartnership, composed of Sigismund Oppenheimer, Julius Oppenheimer, Oscar Aberle, and Patrick A. Turner, as copartners, doing business under the firm-name and style of The Turner Casing Company, and have no power to sue, nor are they subject to be sued, by the name of The Turner Casing Company." This answer was signed by "Pratt, Brumback & Ferry, Attorneys for Defendant." This answer was verified by the oath of Sigismund Oppenheimer. On May 3, 1884, the plaintiff, with leave of the court, amended its petition by interlineation, so as to make the defendants as follows: "Sigismund Oppenheimer, Julius Oppenheimer,

Oscar Aberle, and Patrick A. Turner, partners as The Turner Casing Company, Defendants," and also so as to allege that the defendants were a copartnership instead of a corporation. Pratt, Brumback & Ferry appeared "for the Turner Casing Company, the corporation as sued," and resisted the order of the court granting leave to amend, and excepted thereto. The case was then continued. On May 12, 1884, the defendants filed a motion, which, after the title, (which sets forth the names of the plaintiffs and the names of all the partners in their partnership character and as defendants,) reads as follows:

"Now come the said defendants for the purpose of this motion only, and not appearing herein for any other purpose, and move the court to dismiss this action upon the ground that it has no jurisdiction of the parties defendant, for the reason that no service of a summons, either actual or constructive, has been made upon said defendants, or either of them, nor have they, or either of them, entered their appearance herein in any manner, except for the purpose of this motion.

PRATT, BRUMBACK & FERRY,
*Attorneys for defendants for the purposes of this motion only."*

This motion was heard by the court on September 6, 1884, when the court made the following finding, to wit: "That no jurisdiction of the persons of the defendants has been obtained;" and the court on that ground decided to sustain the motion; and the plaintiff not desiring to take any further steps in the case in that court, the court then dismissed the case at the plaintiff's costs, to which ruling the plaintiff duly excepted; and to reverse this ruling the plaintiff brings the case to this court.

The action was dismissed for the reason, as the court below states, "that no jurisdiction of the persons of the defendants has been obtained." Nothing is said by the court with regard to the jurisdiction of the court over the property attached. Hence it would seem that the court below did not regard jurisdiction over the property as a material question in the case. But did the court have jurisdiction of either the persons of the defendants or their property? In the first place, the property was attached which admittedly belongs to the de-

fendants; second, a notice in the nature of a summons was published in the newspaper, addressed to "The Turner Casing Company," requiring such company to appear and answer in the case; third, there were at least six different appearances made in the case by somebody other than the plaintiff: First, when the forthcoming bond was given; second, when the time for the defendant to plead was extended; third, when the answer of the defendant was filed; fourth, when the defendant resisted the motion of the plaintiff for leave to amend its petition, and excepted to the order of the court relating thereto; fifth, when the motion to dismiss the action was filed; and sixth, when such motion was heard and sustained. The defendants, however, Sigismund Oppenheimer, Julius Oppenheimer, Oscar Aberle, and Patrick A. Turner, claim that the service of the summons, by publication or otherwise, is void; and, we suppose, also claim that the service of the order of attachment is void, though they do not expressly say so; and they also claim that they made no appearance in the case until the time when they made their special appearance—which we have numbered 5—to dismiss the plaintiff's action; and they support these claims by reasoning which is very ingenious and plausible, but which we nevertheless regard as extremely technical and unsatisfactory. They claim that the plaintiff sued the Turner Casing Company, a corporation, and that all the appearances that were made, or that could be made, were made only in that capacity; and that as no such corporation existed, there were really no valid appearances. For the purposes of this case we shall discuss principally the appearance made when the answer was filed. This answer included a general denial, which was an answer to the merits of the case; and if it was the defendants who made this appearance, then they surrendered jurisdiction of their persons to the court, and are bound by such answer. (*Carver v. Shelly*, 17 Kas. 472, 474; *Bury v. Conklin*, 23 id. 461; *Burdette v. Corgan*, 26 id. 102; *Greenwell v. Greenwell*, 26 id. 530; *Meixell v. Kirkpatrick*, 29 id. 679, 683.)

And we think it was the defendants who made this appear-

ance and who filed the answer; and this notwithstanding the technical objections that may be urged against it. Courts, under the reformed system of procedure, look to the substance of things rather than to form, and to persons and things rather than to mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure. Did the defendants in fact make the foregoing appearance? The action was commenced against "The Turner Casing Company." A certain organization of persons was at that time, and had been for a long time previously, doing business under that name. It was this organization that was intended to be sued. It is true, the petition alleged that the organization was a corporation, while in fact it was a copartnership; but no other organization existed of that name, and that organization was composed of these defendants. The publication notice, however, was not to the Turner Casing Company as a corporation, but it was simply to "The Turner Casing Company;" and it is the notice which brings parties within the jurisdiction of the court, and this notice applied to the Turner Casing Company, whatever its organization might be. Property was attached in the case, and this property belonged to the defendants as "The Turner Casing Company." Now somebody or something appeared in the action and made motions, took exceptions, and filed an answer. This somebody or something appeared in the case as "The Turner Casing Company," and was represented by able counsel. Now who or what was this somebody or something? Evidently the only answer that can be given to this question is, that it was "The Turner Casing Company," the copartnership composed of the aforesaid members: Sigismund Oppenheimer, Julius Oppenheimer, Oscar Aberle, and Patrick A. Turner; for no other organization or persons existed or did business under that name. And if such copartnership made such appearance, then the appearance was in fact by all the members of such copartnership, and binds all, for all partnership transactions bind all the members. It is idle to

2. General appearance.

talk about all these appearances having been made by nobody or nothing, for appearances cannot be made in that way; and courts cannot allow themselves to be trifled with by permitting parties to make appearances which do not have the effect or the consequences of appearances.   We think it was the defendants in this case who filed the answer, and as the answer went to the merits of the action, we think the defendants, by filing such answer, surrendered jurisdiction of their persons to the court.   When it was ascertained by the plaintiff that it had made a mistake in alleging in its petition that the Turner Casing Company was a corporation, instead of alleging that it was a copartnership, and in not stating the names of the members of the copartnership, it obtained leave of the court and amended its petition so as to correct these errors or mistakes; and this we think it had a right to do.   (*City of Atchison v. Twine*, 9 Kas. 350; *Hanlin v. Baxter*, 20 id. 134; *Paola Town Co. v. Krutz*, 22 id. 726; *Reed v. Cooper, Adm'r*, 30 id. 574; *Tibbs & Co. v. Parrott*, 1 Cranch C. C. 177; *Beattie v. Hiel*, 60 Mo. 72; *The State v. Shelby*, 75 id. 482; *Lewis v. Locke*, 41 Vt. 11; *Phelps Mfg. Co. v. Enz*, 19 Conn. 58; *Barber v. Smith*, 41 Mich. 138.)

1. Petition, no error in amending.

It has been held that an attachment by a non-resident partnership in the *firm-name* is not void. (*Cady v. Smith*, 12 Neb. 628; *Barber v. Smith*, 41 Mich. 138, 143, *et seq.*) · And it has also been held that a judgment rendered against a defendant, omitting his christian name, cannot be considered as void. (*Newcomb v. Peck*, 17 Vt. 302.)

The appearance of the defendants to file the motion to dismiss the plaintiff's action because of the want of jurisdiction, and the appearance in support of such motion at the hearing thereof before the court, were only special appearances for the purpose of contesting the jurisdiction of the court, and of course would not have given the court jurisdiction of the persons of the defendants.   But as the court already had jurisdiction of the persons of the defendants by the prior appearances made by them, we

3. Jurisdiction obtained; error in dismissing action.

think the court erred in sustaining such motion and in dismissing the plaintiff's action. For this error such order and judgment of the court below must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.