(35 Misc. Rep. 72.)

### MESSLER v. SCHWARZKOPF & DORER, Limited.

(Supreme Court, Special Term, New York County. May, 1901.)

1. PLEADING—DISMISSAL.
    Where plaintiff sues a foreign joint-stock association as a partnership, the complaint will not be dismissed as failing to state a cause of action, the objection being taken in the first instance at the trial.

2. SAME—AMENDMENT.
    Where a foreign joint-stock association is sued as a partnership, the court will assume that the proper officer of the association was served, and that his official designation was omitted by plaintiff in the title of the action, and will allow plaintiff to amend so that the action may be maintained, under Code Civ. Proc. § 1919, permitting an action against the president or treasurer of a joint-stock association.

Action by Arnold C. Messler against Schwarzkopf & Dorer. Demurrer to complaint sustained.

Geo. W. Galinger, for plaintiff.
Chas. E. Hill, for defendant.

McADAM, J. The action is to recover a balance claimed to be due on sales and deliveries of goods to defendant. The plaintiff alleges, and the defendant admits, that the defendant was and is a joint-stock association, organized and created under the laws of

New Jersey. The defendant put in issue the other allegations of the complaint, and set up defenses and a counterclaim to the cause any evidence, moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action; the theory of the defense being that, as the defendant was a joint-stock of action. On the trial the defendant, before the introduction of association, all the members of the association should be sued, unless the number of associates was seven or more, in which event an action against the president or treasurer would be authorized. Code, § 1919. At common law the members of the defendant association are liable as partners. People v. Coleman, 133 N. Y. 279, 285, 31 N. E. 96, 16 L. R. A. 183; and see Laws 1894, c. 235. In the absence of proof, it will be presumed that the common law exists in New Jersey (Wooden v. Railroad Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803); and the only modification made by the statutes of the forum which is controlling on questions of procedure (Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104; Clancy v. Terhune, 1 City Ct. R. 239) is to allow suit to be brought against the president or treasurer of such association where the associates number seven or more (Code, § 1919). In England and in many of the states statutes have been passed permitting suits by and against partnerships in their firm name. 2 Bates, Partn. § 1059. In the absence of such legislation, it is improper to sue a partnership as an entity, but it does not necessarily follow that the defendant may demur on the ground that the complaint does not state facts sufficient to constitute a cause of action. See Bannerman v. Quackenbush, 11 Daly, 529. The plaintiff here, like the plaintiff in McKane v. Democratic General Committee, 14 Civ. Proc. 126, 1 N. Y. Supp. 580, endeavors to bring into court the voluntary association against which he seeks to enforce a right, and in the case cited the court held that the plaintiff was entitled to amend on terms. Assuming, as the court will for present purposes, that the plaintiff caused the proper officer of the association to be served with process, and has simply omitted to name that officer with his official designation in the title of the action, the plaintiff ought to have an opportunity of applying at special term for leave to make the necessary amendment of the summons and complaint. McKane v. Democratic General Committee, supra; Munzinger v. Courier Co., 24 Civ. Proc. 175, 31 N. Y. Supp. 737; Butler Hard-Rubber Co. v. Solomon Toube Co., 2 City Ct. R. 41. In furtherance of justice, the court will decline to treat the proceeding at the trial term other than as a mistrial, unless plaintiff, within 30 days, neglects to make said motion at special term, or, after making the motion, fails to obtain leave for the proper amendment, in the event of which neglect or failure the complaint will be dismissed, with costs.

Ordered accordingly.