## GOLDSTEIN et al. v. PETER FOX SONS COMPANY.

(40 L.R.A.(N.S.) 566, 135 N. W. 180.)

**Writ and process — erroneously describing copartnership as a corporation — amendment.**

1. Where a summons wherein a defendant company was erroneously named as a corporation, when in fact it was a copartnership, was personally served within the state on a partner as the managing agent of the alleged corporation, it constitutes a valid service upon the partner and copartnership sufficient to vest jurisdiction in the court to permit, on proper showing made, an amendment of the summons and complaint served, that the defendant company may be designated therein as a partnership with partners named.

Note.—The question of the effect of erroneously describing defendant in process as a corporation, instead of an individual or partnership is considered in a note appended to this case in 40 L.R.A.(N.S.) 566. And, as shown by the cases there reviewed, the decision in GOLDSTEIN v. PETER FOX SONS Co., sustaining the right to permit an amendment in such case so as to charge defendant as a partnership, instead of as a corporation, is in harmony with the general weight of authority, though in some courts such a misdescription is interpreted not as bringing the right defendant into court under a wrong name, but as suing the wrong party, and in those jurisdictions an amendment to correct the defect is deemed a bringing in of new parties, and is therefore not allowed.

On the question of defects in service as affecting jurisdiction generally, see note in 61 Am. St. Rep. 485.

**Writ and process—erroneously describing copartnership as corporation — service on one partner as managing agent — amendment.**

2. Such service was not void, and the amendment so permitted did not thereby bring new parties defendant into the suit; but instead, it merely was descriptive of the entity against whom the action was brought and upon whom service was made.

**Erroneous description of partnership as corporation in summons — service on one partner as managing agent — joint judgment against several partners.**

3. Such personal service upon a partner confers jurisdiction upon the court to enter judgment under § 6884, Rev. Codes 1905, jointly against the partner served and all members of the partnership named; and where property is *in custodia legis* by virtue of the levy of an attachment in the action, the court has authority under said statute to order that the property held be sold and applied in satisfaction of the judgment.

**Special appearance to challenge jurisdiction.**

4. Where the jurisdiction of the court over the person of the defendant is challenged under a special appearance made pending the action and before judgment, the same is not a general appearance and a judgment entered by default is valid.

**Appeal — questions reviewable — judgment.**

5. The question here presented going only to the jurisdiction of the court to enter the judgment sought to be vacated under a special appearance, this court will consider only the jurisdictional questions raised, and, on determining that the trial court had jurisdiction to enter the judgment, the decision of the trial court refusing to vacate the same is affirmed.

Opinion filed March 1, 1912.

An appeal from an order of the District Court of Richland county denying defendant's application to vacate the judgment entered and dismiss the action for want of jurisdiction; *Allen,* J.

Affirmed.

*J. A. Dwyer* and *Wolfe & Schneller,* for plaintiffs and respondents.

*Purcell & Divet,* for defendants and appellants.

Goss, J. The summons and complaint were issued November 6, 1908, with an attachment, in an action by these plaintiffs against the defendant company, designated as the Peter Fox Sons Company, a corporation, instead of against a copartnership with members named as

now entitled. A car of poultry was attached November 9th, and personal service of summons, complaint, warrant of attachment, and notice of levy was then made at Hankinson upon Anthony Fox, one of the copartners. The defendant company was named as a corporation, and service upon it was attempted to be made by such personal service upon Anthony Fox as its managing officer, then within the state, and alleged to be in charge of the poultry attached. The provisional remedy was issued; and no question of the regularity of the levy or attachment proceedings is raised other than the right of the court to permit the amendment made to all the pleadings and files, so the action is now entitled against a partnership, defendant, with copartners named. On the 30th day after such levy and personal service upon Anthony Fox, and while the action was pending against the company named as a corporation, the many Foxes as members of the partnership entered, by their attorneys, a special appearance in the action brought against the alleged corporation. Therein they recited that they are "appearing specially for the purpose of objecting to the jurisdiction of the court, and for no other purpose, and move the court for an order setting aside the service of summons herein and dismissing this action." With the motion as a part thereof, made under special appearance, was a notice of hearing thereon, set for January 5, 1909; supporting the motion were affidavits of Frank Fox and Joseph Fox, wherein they aver that the Peter Fox Sons Company is not a corporation, but a partnership, consisting of eight partners named Fox; and that no service has been made upon them except the service of the summons upon Anthony Fox as an officer, agent, or representative of the Peter Fox Sons Company, charged as a corporation; and that all members of said partnership are residents of Chicago, and there engaged in the commission business. A continuance of the hearing on the motion was had under agreement between counsel and the court until January 19th, when it was further continued, to be taken up at the convenience of the court and counsel. To that date no general appearance had been made by the attorneys for these appellants.

On December 19th, without notice, upon a showing by affidavits, plaintiffs moved the court to amend all the pleadings *nunc pro tunc*, to read as now entitled. And on December 21st, and while the motion to set aside the service was pending, the motion to amend *nunc pro*

*tunc* was granted, and all pleadings and files amended accordingly, as, of the date of the commencement of the suit, November 6, 1908; and a new complaint was filed so entitled, wherein the copartnership relation of defendants was pleaded. All this was without notice to the opposing counsel, who had appeared on the motion to dismiss made under special appearance. Thereafter, and on January 19th, seventy-four days after this issuance of the attachment, and more than sixty days from its levy, defendants being in default in general appearance, on proof thereof by affidavit and on proof on the merits submitted, the court entered findings. of fact and conclusions of law under which, on January 20, 1909, a judg- ment was entered in favor of plaintiffs and against defendants jointly, adjudging the sale of the personal property levied upon; that its pro- ceeds should be applied in satisfaction of such judgment and costs.

Immediately after the entry of this judgment, on affidavits and under a special appearance, an order to show cause was applied for and issued. It briefly recited the proceedings had and the pendency of the prior motion under special appearance, and cited plaintiffs to show cause forthwith why the service of the summons, the judgment entered, and all other proceedings had, should not be vacated and set aside and the ac- tion be dismissed. In applying for this order to show cause, defendants endeavored to avoid making a general appearance. Their motion was: "Come now the above-named defendants, appearing specially for the purpose of this motion and none other, objecting to the jurisdiction of the court, and move the court for an order setting aside and vacating the service of summons herein, and vacating and setting aside the judg- ment heretofore entered herein against the defendants, and vacating and setting aside all proceedings heretofore had herein." On the re- turn of the order to show cause the court, on February 10, 1909, denied the motion, thereby refusing to vacate the judgment or dismiss the ac- tion. Appellants appeal therefrom, assigning error sufficient to require a review of these entire proceedings.

A discussion of jurisdictional principles is now in order. Juris- diction to issue the provisional remedy of attachment upon compliance with the statutory requisites was vested in the court by statute. A summons was issued, regular on its face, accompanied with a verified complaint and affidavit and undertaking for attachment, and upon their presentation the clerk issued from the court a warrant of attachment for

service by levy thereunder as provided by law, and the property of the defendant, the Peter Fox Sons Company, was levied upon under the supposition that such company was in fact, as designated, a corporation. Whether the defendant was a corporate entity, existing as such by law, or whether instead it was a contractual entity, a partnership made up of various natural persons, is, so far as the validity of the provisional remedy is concerned, of no consequence. The warrant and proceedings had thereon, being regular, were valid until set aside. The court had jurisdiction of the general subject-matter and had acquired, under a valid levy, possession of property upon which it could proceed *in rem,* regardless of whether it ever procured personal service upon the defendant named in the process, it having power to proceed against such defendant by substitute service by the publication of summons. This power existed by virtue of the property so obtained under the levy. To that extent for sixty days after the issuance of the warrant of attachment, by force of statute, § 6950, Rev. Codes 1905, a quasi or conditional jurisdiction remained in the court, for which purpose, under § 6850, Rev. Codes 1905, from the time of "the allowance of the provisional remedy the court is deemed to have acquired jurisdiction and to have control of all the subsequent proceedings." The proceedings had, then, even though designated as against a corporation which in fact was nonexistent, were valid, and clothed the court with jurisdiction to such an extent as might be necessary for it to control subsequent proceedings, including the property levied upon. And the writ, being valid, likewise protected the officer in his levy. While life was remaining in the proceedings had by provisional remedy, jurisdiction was thereby conferred upon the court to amend any process or pleadings, by changing, as it did, the designation of the defendant from a corporation to a copartnership with individual members named. Such amendment could be made, subject, of course, to attack by motion for any irregularity existing. But until so attacked the warrant and proceedings had thereon was valid, and thereby kept in the court the jurisdiction it possessed by virtue of the warrant of attachment issued and the levy had, pending the service of the summons. But such authority failed before entry of judgment and on the expiration of the sixty-day period prescribed by § 6940, Rev. Codes 1905, without service of summons or a first publication thereof, unless it be that the service at-

tempted by the delivery of the summons and other papers to Anthony Fox was a valid service, conferring thereby jurisdiction upon the court of the person served, be it corporation or members of partnership. What, then, was the effect of such service where the summons was directed against the Peter Fox Sons Company, a corporation, as defendant, when in fact the Peter Fox Sons Company existed, not as a corporation, but as a partnership, and the person upon whom such summons was served, instead of being the supposed managing agent of the corporation, was a member of such copartnership? Was such service a valid service or was it void? If void it was no service, and the court could thereon base no jurisdiction. But if the service was merely defective, and as such subject to some attack thereon, it was valid until attacked, and necessarily conferred jurisdiction upon the court of the person served. And who was served? Certainly not something having no existence. Nor was it a corporation that was sought to be reached and brought before the court, but instead, it was "the Peter Fox Sons Company," who had dealt with and had become liable to these plaintiffs. And in this connection, under the affidavits filed against the granting of the order to show cause, it appears that this Peter Fox Sons Company had placed in circulation cards describing their business, carefully refraining from stating what they were, and upon inquiry made to Anthony Fox by the attorney of record for plaintiffs, prior to suit, that he might know whether to sue it as a partnership or corporation, this party, bearing the appropriate cognomen of Fox, informed him that the Peter Fox Sons Company was a corporation. Taking the moving affidavits of this company as true, such statement must have been false; and whether it was made to enable defendant company to urge the contention now before us, or, on the contrary, made without reference to any action to be brought, it is unnecessary to ascertain. Granting the falsity of such statement and plaintiffs' reliance thereon, it is unnecessary to determine the real intent underlying the falsehood. This managing officer of the company, when served with summons, knew it was the Peter Fox Sons Company, a partnership, that was served, as he well did the impossibility of serving a nonexistent corporation, by mistake or misapprehension so designated. As is well said in Ex parte Nicrosi, 103 Ala. 104, 15 So. 507, an action wherein a person doing business under a company name was served with a summons

22 N. D.—41.

designating the company name, as a corporation, the court holds the term "corporation" to be merely descriptive of a named defendant, and not a part of the name itself. The reasoning of the court is as conclusive as it is unanswerable on the question before us. We quote from the opinion:

"It is clear that the Roswald Grocery Company, whatever it was, whether a partnership, a corporation, or an individual assuming the name for the purposes of trade, was the party against whom or which suit was instituted, has all along been prosecuted, and will be continued if and after the amendments moved for are allowed. There is, in other words, no question here as to the identity of the defendant throughout all the proceedings which have been or may, in any proposed event, be had, being originally and at all times the same in the mind of the plaintiff. The entity which entered into the rental contract, which has enjoyed the shelter of plaintiff's house, which has failed to pay the agreed price therefor, and which is sought, in this action, to be coerced into payment thereof, is one and the same, whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual); and, whether one or another of these entities, its name is the same.—'The Roswald Grocery Company'—and its liability is the same and enforceable by the same remedies. That entity, whatever its character, or the source or manner of its being, was proceeded against originally in this case and brought before the court by attachment of its property. Once there it was found that a mistake had been made; not as to the entity itself,— not as to the party sued,—but merely in respect of describing what kind of an entity the party defendant was. The motion to amend stated and confessed this mistake of description. The plaintiff averred and showed this mistake, and he asked to correct it. He, in effect, said to the court that while he had sued the proper party, and had levied on the goods of the proper party, he had misdescribed that party, not, indeed, in respect even of the name of the defendant, but in respect solely of the status of that proper party, as being an artificial, instead of a personal, entity; for surely the averment that the Roswald Grocery Company was a corporation is not part of the name of that company. It might as well be said that to aver that Jones & Smith is a partnership is to make the averment of partnership a part of the

name 'Jones & Smith'; or that to sue 'John Smith, a man,' is to make the defendant's name not John Smith only, but 'John Smith, a man.' And to omit such averments no more changes the name of the corporation than of the partnership or the individual. It is not a question of name. . . . But it is a matter of description, a change of which does not affect the identity of the party sought to be described, but only gives accuracy and certainty to it. The case of Western R. Co. v. Sistrunk, 85 Ala. 356, 5 So. 79, is, on principle, in point. The averment that a defendant is a corporation is there held to be descriptive of a named defendant, and not a part of the name itself; and that, where this description had been omitted, it might be added without offense to the limitations upon our very broad statutes of amendments. Its addition did not change the party sued. Being merely descriptive when it is at first stated by mistake, it is not conceivable how its elimination could make of that thing which it was incorrectly supposed to describe a different thing. To add it does not change the name—being no part of the name—and, it being already stated, to strike it out cannot. Being stricken out in this case, the suit is against the Roswald Grocery Company. The further amendment is that this company is Esther Roswald, and that she is engaged in business, rented this house, executed these notes, and owes this debt under the name and style of the 'Roswald Grocery Company.' . . . The amendments should have been allowed. We feel that a different conclusion would be to emasculate our very liberal, and to be liberally construed, statute on the subject, which requires the allowance of amendments to cure 'any defect of form or substance.'"

And in this connection we have, in § 6883, Rev. Codes 1905, a similar statute reading:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or, proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The foregoing leaves but little to add. Defendant will contend that such an amendment is in reality bringing in new parties to the suit, and, therefore, if permissible, service of summons upon such new

parties is necessary, citing thereunder White v. Johnson, 27 Or. 282, 40 Pac. 511, 50 Am. St. Rep. 726, and notes thereto, and similar holdings. If the amendment here permitted amounted to the bringing in of new parties, counsel's contention would be supported by the weight of authority, but it does not substitute anew for the old party. It merely makes definite the character of the real party sued, the necessity for the knowledge concerning which, besides being proper for the sake of certainty, is that the court may order the appropriate judgment in form and comply with the statute in such respect. See Western R. Co. v. Sistrunk, supra, above referred to, holding: "An amendment to a complaint and summons, showing that the defendant is a body corporate and is sued in its corporate capacity, does not operate to substitute a new party defendant." Consult also Nisbet v. Clio Min. Co. 2 Cal. App. 436, 83 Pac. 1077, wherein defendant was sued as the Clio Mining and Milling Company, a corporation. Two corporations existed,—one, the Clio Mining Company; and the other the Clio Mining & Milling Company, as named, which latter company attempted to defend because of misnomer for the mining company intended to be sued and upon whom service of summons was made. An amendment was permitted and the action continued as against the real company concerned, although erroneously named as the other corporation. Thereon the court says: "Under the circumstances disclosed by this record it would be sticking in the bark, and sacrificing substance for shadow, to lay down the technical rule that the plaintiff was stripped of the privilege or right to amend his pleading by the voluntary appearance of the Clio Mining & Milling Company in an action plainly brought against another corporation of a similar name, but different residence. In the case at bar the body of the complaint clearly indicated that the intention was to sue the Clio Mining Company and recover upon its debt, and parties appearing in that action could not close their eyes to substantial facts, and rely upon mere technical omissions in the caption or title of the cause," citing Anglo-American Packing & Provision Co. v. Turner Casing Co. 34 Kan. 340, 8 Pac. 403. In Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89, it is held that "where the complaint did not show whether defendant company was a partnership or a corporation, it was properly amended to show that it was a corporation," in line with Gans v. Beasley, 4 N. D. 140, 59 N. W. 714, where, as in

this case, service was attacked under a special appearance. But the opposite contention was urged in Gans v. Beasley, that the summons was addressed to no person, and that no person was required to answer, and that the court obtained jurisdiction of no person by the service. Amendment *nunc pro tunc* was had as in this case. The court says: "An attempt was made to describe the defendants in the original summons, but such description was imperfect inasmuch as it gave only their firm name, and did not give the full Christian and surnames of the individual members of the firm, as good practice requires." The amendment was held proper that the right to amend as to names of parties exists "where the amendment does not operate to prejudice the parties, and does operate in furtherance of justice. But the right to amend must be qualified so as to forbid an amendment which effects an actual change of parties." This decision, in 1894, placed our state in line with the more recent authorities, that the service of a summons containing a misnomer, but where served upon the party to the suit, confers jurisdiction; and having the right, the court may, in its discretion, permit an amendment in the designation of the party litigant. Newton v. Melville Mfg. Co. 17 Abb. Pr. 318, note, and Skoog v. New York Novelty Co. 4 N. Y. Civ. Proc. Rep. 144, hold that "where persons doing business under the name of the New York Novelty Company were served with summons in that name, a motion to amend the summons by inserting the names of such persons as defendants should be granted if there was no corporation by that name, though the complaint alleged that it was such corporation."

See also Hathaway v. Sabin, 61 Vt. 608, 18 Atl. 188; Messler v. Schwarzkopf, 35 Misc. 72, 71 N. Y. Supp. 241; York v. Nash, 42 Or. 321, 71 Pac. 59; and Baldock v. Atwood, 21 Or. 73, 26 Pac. 1058. See also 30 Cyc. 144: "Under the codes and practice acts of the several states much latitude is now permitted with regard to amendments affecting parties, and it is usual that the court be permitted, on motion of either party at any time, in furtherance of justice, and on such terms as may be proper, to permit an amendment adding or striking out the name of a party, or correcting a mistake in the name of a party, or changing the character in which he is sued." And 31 Cyc. 487, that "as a general rule, under the statutes, a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect

an entire change of parties. But where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by the wrong name, an amendment substituting the true name of the corporation may be permitted." And the same authority on page 489,—that "an amendment charging defendant as a partnership, instead of as a corporation, may be allowed, and the converse has been held. Likewise it has been held that where an action is brought by plaintiff as copartners, instead of as a corporation, through a mistake of facts concerning their incorporation, they may be permitted to amend by making the corporation plaintiff,"—citing Farmers' & M. Bank v. Glen Elder Bank, 46 Kan. 376, 26 Pac. 680; Anglo-American Packing & Provision Co. v. Turner Casing Co. 34 Kan. 340, 8 Pac. 403; Teets v. Snider Heating Mfg. Co. 120 Ky. 653, 87 S. W. 803; Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037. See also 38 Century Dig. cols. 1177 et seq. and 40 Century Dig. cols. 2789 et seq.; 15 Decen. Dig. §§ 94, 95, et seq.; see 19 Enc. Pl. & Pr. 573, where it is stated that "it is the general rule that where parties have been once brought under the jurisdiction of the court, such jurisdiction can be lost only by actual dismissal of the action, and amendments of the pleadings will not require a new service of process."

In many of the foregoing cited cases the defendant, misnamed, has appeared generally and sought an advantage because of such misnomer, by answer, plea in abatement, or motion, invoking the jurisdiction generally of the court; and to such extent, the additional reason why jurisdiction should be sustained that the defendant submitted to the jurisdiction of the court existed over that here found. But authorities held that under a statute similar to § 6883, Rev. Codes 1905, once jurisdiction attaches the authority of the court is ample to correct a mistake in name or designation of the party sued. The authorities are practically unanimous in holding with the Alabama case quoted, that the designation of the defendant as a corporation or partnership does not thereby conclude the court from permitting an amendment to the process or pleading that the same shall describe the legal entity of the real party, whether person, partnership, or corporation. Where the correct person, either natural or artificial, is served in an action brought against it on a cause of action existing, when it is erroneously named, jurisdiction is conferred upon service made upon it, and, hav-

ing jurisdiction, power exists to amend in furtherance of justice to conform to the fact.

Defendants contend that the service made upon Anthony Fox was under a supposition that a corporation was being served and that he was served as an officer of a corporation; and knowing that such substitute service was made for such purpose, and that no corporation existed, and that no valid proceeding could be had against it, he had the right to ignore, as he did, such service; and that plaintiff could not thereunder, to his prejudice, change by amendment the action to constitute one against a partnership of which he was a member, and thereby bind him or any members of the partnership individually by such service. This reasoning overlooks the fact that the Peter Fox Sons Company is the defendant, by whatever name it may exist, and Anthony Fox, personally, and through him his copartners, were charged with notice of the pendency of this suit and the knowledge of the law; and that thereunder an amendment was permissible that the suit might continue against the members of the partnership jointly, obedient to § 6847, Rev. Codes 1905, that "when the action is against two or more defendants, and the summons is served on one or more but not on all of them, the plaintiff may proceed as follows: (1) If the action is against defendants jointly indebted upon contract, he may proceed against the defendant served, unless the court otherwise directs; and if he recovers judgment it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served; . . . or (2) if the action is against defendants severally liable he may proceed against the defendants served in the same manner as if they were the only defendants." Under this statute the court, having had power to amend after personal service upon one member of the partnership, had jurisdiction to order a joint or joint and several judgment against such person; and where the property *in custodia legis* was the joint property of the several partners, one of whom was served, the court properly ordered a joint judgment in so far as it was necessary to enforce the same against the joint property.

In reaching our conclusions, we have not overlooked the following cases, in part holding the contrary, and to that extent against what we believe to be the weight of authority: Leatherman v. Times Co. 88

Ky. 291, 3 L.R.A. 324, 21 Am. St. Rep. 342, 11 S. W. 12; Bassett v. Fish, 75 N. Y. 303; New York State Monitor Milk Pan Asso. v. Remington Agri. Works, 89 N. Y. 22; which last case, in an unsatisfactory *per curiam* opinion, without citation of authority, reverses the same case in 25 Hun, 475. The Kentucky case tries to discriminate its holding from Heckmon v. Louisville & N. R. Co. 9 Ky. L. Rep. 297, 4 S. W. 342, supporting our conclusions herein.

Nor do the following, cited in appellant's brief, apply, or announce any rule inconsistent with our holding: Powers v. Braly, 75 Cal. 237, 17 Pac. 197; Plemmons v. Southern Improv. Co. 108 N. C. 614, 13 S. E. 188, and Thompson v. Allen, 86 Mo. 85, to the effect that, on the bringing in of a new defendant, service must be had upon him before further proceedings be taken. As heretofore stated, the amendment permitted brought in no new party, but merely permitted a change in description of the entity of the Peter Fox Sons Company, the defendant. While said partnership could not at common law be proceeded against as a legal entity without the partners being named, yet it was sued under its firm name with service upon one partner, and jurisdiction was thereby conferred upon the court of the Peter Fox Sons Company, in whatever capacity it might exist; and having such jurisdiction of it, the amendment allowed, designating its individual members, was not in fact bringing in new defendants. Had it been sued as a partnership, with partners named and service been made upon Anthony Fox, one of them, no question could be raised but that the court could render the judgment entered. With the same facts existing, but without designation of corporate entity or naming of partners, under Gans v. Beasley, 4 N. D. 140, 59 N. W. 714, the same thing here done and the same judgment here entered would necessarily have to be sustained. The erroneous designation of the defendant company as a corporation certainly could not defeat jurisdiction when under such holding a failure to characterize the entity sued does not.

The appellants, throughout this proceeding, have acted on the theory that no general appearance has been made. Their every act has been performed under a special appearance, although they have thereunder procured the issuance of an order to show cause by the court, and, upon the service thereof and appearance of opposing parties thereunder, have participated in the hearing called by the court. Whether so doing

would be considered as an appearance generally or an appearance under the special appearance made to invoke the court to issue the order, we do not determine, as it is not necessary to do so. We have assumed that no general appearance herein has been made in law. The order to show cause is general in its terms, and the party is cited to respond to proceedings other than those sought under the special appearance. Whether the participation in the determination of these matters, on the return of the order, is a waiver of the special appearance made, we do not decide. The weight of authority is that the invoking of the power of the court to determine more than the question of the jurisdiction of the person is a submission of the person to the jurisdiction, or, in other words, one cannot, by motion under special appearance, challenge, in effect as by demurrer, the right of the court to entertain the subject-matter or act thereon, without submitting jurisdiction of the person as fully as though the same matter had been challenged by demurrer, even though the whole proceeding be attempted under a special appearance.

Following appellants' theory of the case, and consonant with his assignment of error, we do not pass upon whether the court abused its discretion in entering this judgment with the motion pending before it; nor do we treat the application other than as one solely of jurisdiction in the lower court to enter the judgment. As defendant there challenged only the jurisdiction, and that was there, as here, determined adversely to him, it was in no sense there, and is not here, to be treated as an application to vacate the judgment on other than strictly jurisdictional grounds.

Therefore our conclusion is that the service of this summons was not a void act, but instead clothed the court with jurisdiction over the Peter Fox Sons Company, whatever its legal status was; and possessing jurisdiction by attachment of the property, and with the personal service on Anthony Fox, having jurisdiction of the person and subject-matter, the court could permit the amendment as made, the defendant being wholly in default; that the effect of such amendment was not to substitute or bring in new parties defendant, but merely to establish the identity of the true party sued and served; and hence service of the amended or a new summons and amended pleadings was unnecessary, the court retaining jurisdiction by the service had, and

with authority, under § 6847, Rev. Codes 1905, thereunder to enter judgment, as it did; and which judgment was and is valid; and vacation of the judgment being sought on jurisdictional grounds only, the findings of its validity is the equivalent to a denial of the application to vacate it.   Accordingly the judgment appealed from is affirmed, with costs.

SPALDING, Ch. J., dissents.