NEAL v. HUTCHESON et al.

(Supreme Court, Special Term, Bronx County. July 7, 1916.)

1. TRADE UNIONS ☞9—JURISDICTION—FOREIGN ASSOCIATION.
　　The objection that defendant labor union is a foreign voluntary association and as such cannot be sued in the jurisdiction is untenable, though it might be good if the association were incorporated.
　　[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 7; Dec. Dig. ☞9.]

2. INJUNCTION ☞212—PERSONS BOUND—ASSOCIATIONS—MEMBERS.
　　Members of a labor union, composed of individuals all of whom are ultimately liable for acts of officers or the union, are bound by an injunction, though only the officers are served, in view of Code Civ. Proc. § 1919 et seq., which authorize suits against the officers, but relate only to the remedy and not liability.
　　[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 435; Dec. Dig. ☞212.]

3. TRADE UNIONS ☞4, 7—RIGHTS OF MEMBERS—SUSPENSION.
　　A member of a labor union cannot be suspended or expelled without charges and due trial where property rights are involved, nor can a distinction be drawn between individuals and local branches of associations in this respect; confiscatory by-laws being against public policy.
　　[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 3; Dec. Dig. ☞4, 7.]

4. TRADE UNIONS ☞7—RIGHTS OF MEMBERS—SUSPENSION—"TRIAL."
　　The constitution of the asssociation empowered the president, with consent of the general board, to suspend any local union for violation of the

constitution, and provided that on suspension of a local union its funds and property should be held in trust by the general organization for the trademen of the locality. It also provided for appeal to the president, then to the general board, and then to convention, but stated that appeal should not stay proceedings. *Held* that, confiscatory laws being contrary to public policy, and no less evil because the property confiscated is held in trust, and the first two appeals being to bodies already committed by approval and order of suspension, no "trial," which means due trial on charges before judgment without presumption of correctness of the charge, is provided, and that, proceedings not being stayed, irreparable damage may be done, so that a suspended local union is entitled to injunction restraining enforcement of the suspension order.

[Ed. Note.—For other cases, see Trade Unions, Dec. Dig. ⊕⟼7.

For other definitions, see Words and Phrases, First and Second Series, Trial.]

Injunction by one Neal for himself and others similarly situated against one Hutcheson, president of the United Brotherhood of Carpenters and Joiners of America, and against such brotherhood. On motion to continue the temporary injunction pendente lite. Motion granted.

Hillquit & Levene, of New York City, for the motion.

Cyrus C. Miller and Chas. Maitland Beattie, both of New York City, opposed.

MULLAN, J. The plaintiff, as treasurer of an unincorporated association, on behalf of himself and of all other members of a general labor organization who reside in the city of New York, brings this action against the defendant Hutcheson individually and the said general labor organization, an unincorporated association, for injunctive relief. A preliminary injunction was granted and continued upon hearing both sides informally, and this motion is for an order to continue the injunction pendente lite. All parties, both individuals and associations, are members of the national labor organization known as the United Brotherhood of Carpenters and Joiners of America. The defendant Hutcheson is its president. Some time in November, 1915, the district council for Greater New York, composed of over 60 associations, having in all about 18,000 members, applied to the general executive board for permission to make demand for a wage increase and other benefits. This was granted. The demand was accordingly made, to take effect May 1, 1916, and the employers of 15,000 members acceded; the employers of the other 3,000 men refusing to accede. These last-mentioned employers belonged to a master carpenters' association. The district council decided to call a strike of the 3,000 workmen, and applied to the general executive board for such financial assistance as might be needed. The general executive board forbade a strike and, without consulting the district council, deputized the defendant Hutcheson to settle the dispute. The district council was insubordinate, ordered a strike, and its members obeyed. The defendant Hutcheson effected a settlement with the masters' association on terms which the men considered disadvantageous to them; one of their complaints being that the settlement did no more than adjust the rate of wages, and that at a lower scale than many employers had already

agreed to. The defendant called several meetings of the men and of the district council, and it was overwhelmingly decided by both men and council not to accept the settlement. Thereupon the defendant Hutcheson, as president of the general body, without charges or trial, acting under the provisions of section 10 of the constitution and laws of the organization, summarily suspended the district council and the local unions, and directed all members to join other unions which he prepared to form. He also demanded that all the books, papers, and property of the local unions and district council be transferred to the general secretary in trust, and proceeded to do other things of which plaintiff, the local unions, the district council, and other members complain. The preliminary injunction restrains the enforcement of the suspension, the interference with the property, the reorganization of the unions and district council, and the disciplining of the members.

[1] A preliminary objection that the defendant association is a foreign voluntary association and as such cannot be sued in this jurisdiction is untenable. The objection might be good if the association were incorporated. People ex rel. Solomon v. Painters, 218 N. Y. 115, 112 N. E. 752.

[2] The defendant association here is composed of individuals, all of whom are ultimately individually liable. The method of suit and enforcement of judgment (C. C. P. § 1919 et seq.) relate only to the remedy (Messler v. Schwarzkopf, 35 Misc. Rep. 72, 71 N. Y. Supp. 241). The injunction is binding on all the members, though only the officers be served. Russell v. Stampers' Union, 57 Misc. Rep. 96, 107 N. Y. Supp. 303; Bossert v. Dhuy, 166 App. Div. 255, 151 N. Y. Supp. 877.

[3, 4] It seems to me that, while many points were raised upon the argument and discussed in the briefs, only one is properly before me for decision—that relating to the validity of the suspensions. The portion of section 10 of the constitution and laws of the association pertinent here reads as follows:

"He (the president) shall * * * have power to suspend any local union, district council * * * for violation of the constitution. * * * Any local * * * union, district council, * * * which willfully or directly violates the constitution, laws or principles of this United Brotherhood or acts in antagonism to its welfare can be suspended by the general president, with the consent of the general executive board. * * * Whenever, in the judgment of the general president, subordinate bodies or the members thereof are working against the best interests of the United Brotherhood, or are not in harmony with the constitution and laws of the United Brotherhood, the general president shall have power to order said body to disband under penalty of suspension."

Section 30 provides that:

"If at any time a local union should * * * be suspended or expelled all property * * * and funds held by * * * said local union must be forwarded immediately by express to the general secretary, to be held in safe-keeping for the United Brotherhood as trustees for the carpenters in that locality until such time as they shall reorganize."

It is not disputed that the district council and the local unions own considerable property. Their title to this would be destroyed or im-

paired if these sections are valid. The rule that a member of an organization cannot be suspended or expelled without charges and due trial where property rights are involved is well settled. Wachtel v. Noah Widows and Orphans Soc'y, 84 N. Y. 28, 38 Am. Rep. 478. No distinction may be drawn in this respect between individuals and associations. Bacon on Benefit Societies, §§ 104, 116, subd. 4; Bossert v. Dhuy, 166 App. Div. 255, 151 N. Y. Supp. 877. The taking of the property of the plaintiff is not any the less illegal because it may be held for some other carpenters and not appropriated to their own use by the persons taking it. Confiscatory by-laws have always been held to be against public policy. Austin v. Searing, 16 N. Y. 112, 69 Am. Dec. 665; Wicks v. Monihan, 130 N. Y. 232, 29 N. E. 139, 14 L. R. A. 243. I approve of the decision of the Missouri Court of Appeals construing this very section 10 and holding it to be void. Swaine v. Miller, 72 Mo. App. 446. Since that case was decided, some amendments have been made to the constitution, but the essential fault persists. The effect of this constitution, if valid, would be to create a tribunal having power to adjudicate upon the rights of property of all the members and to transfer that property to others, and this the law will not permit despite the contractual obligations that may have been undertaken by means of assent to the offending constitutional provisions upon the acquirement of membership. Austin v. Searing, supra. Section 56 of the constitution provides a right of appeal, first to the president, then to the general executive body, and lastly to the convention of the whole association. It is urged by the defendants that these appeals would, if prosecuted, constitute a trial. The trial referred to in the adjudicated cases, however, is a due trial upon charges before judgment, without the added burden of the presumption of correctness of a decision. And it is to be noted that the first two appeals would be to the defendant Hutcheson and to the board that has already ratified his acts. As no man may properly sit in judgment on his own quarrel, and participation in the trial disqualifies a judge from sitting on an appeal, it would be mere folly to go through the form of appeals in succession to two disqualified tribunals. Furthermore, section 56 provides that "in no case shall an appeal act as a stay of proceedings."

While these appeals were being heard, the "irreparable damage" might be done. Although I have considered carefully all the questions raised, I pass only on the one I have discussed, as I think the others are not germane to the issue involved upon this motion. The injunction will be continued. As in my view of the case the defendants can have no interest in any event in the funds of the union which plaintiff represents, I think the present undertaking sufficient. As objection is made to the present form of the restraining order, let the form of injunction pendente lite be settled on notice.