The sole question involved in this case relates to the amendment of a summons in a justice's court. The facts out of which the question arises are substantially as follows: The plaintiff, Derek, brought suit in a justice's court against "B.W. Elder, sole *Page 636 
trader doing business as the Elder Horse Sales Company," to recover the possession of certain personal property. The summons was served upon the defendant Elder personally. On the return day he appeared and filed an answer which placed in issue all the allegations of the complaint. At the close of all the evidence, plaintiff's counsel made the following motion:
"At the close of the taking of the testimony in the above entitled action, it appeared from the testimony given by B.W. Elder, named as Defendant, and by W.H. Elder, son of the Defendant, both appearing in Court and being called as witnesses, that the name of the Defendant is not properly designated in the Summons and in the Complaint, and that the Elder Horse Sales Company, a Corporation, has in its possession the property described in Plaintiff's Complaint, and that B.W. Elder named as Sole Trader in the Summons and in the Complaint is the President and General Manager of the Elder Horse Sales Company, and it further appearing that the Summons and Complaint herein and other papers involved in this action were served upon B.W. Elder, President of the Elder Horse Sales Company, and that the Elder Horse Sales Company is the proper, legal name that should have been used in properly designating the Defendant. The Plaintiff now moves that the Court, pursuant to the provisions of § 7482, amend the title of this action in both the Summons and Complaint so as to correctly designate and name the Defendant herein as the Elder Horse Sales Company, a Corporation, and that the Plaintiff herein be allowed to file an Amended Complaint properly designating the Defendant as the Elder Horse Sales Company, a corporation."
Counsel for Elder thereupon moved that the case be dismissed as against the defendant B.W. Elder for the reason that the evidence conclusively established that there was no liability against the defendant and that the cause of action, if any, was against Elder Horse Sales Company, a corporation; that this corporation was not a party to the action and had not been served with summons or other process and that the court was wholly without jurisdiction over such Elder Horse Sales Company. This motion was made by counsel for the defendant Elder, and there was no appearance whatsoever by anyone in behalf of the Elder Horse Sales Company. The trial court granted plaintiff's motion to amend and directed that the name of the defendant be changed *Page 637 
to the Elder Horse Sales Company, a corporation, and judgment was entered against it alone and no judgment was entered against the defendant Elder, individually. The defendant Elder Horse Sales Company appealed to the district court from the judgment entered against it, on questions of law alone. In the notice of appeal it specified that it took the appeal, appearing specially for the purpose of questioning the jurisdiction of the justice of the peace to render judgment against him and for no other purpose. The ruling of the justice of the peace was assailed by appropriate specifications of error. The trial court held that the justice's court had authority to make the amendment and that the judgment appealed from was valid. The trial court based its decision upon § 7482, Comp. Laws 1913, which reads as follows:
"The court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."
The plaintiff contends that the ruling of the justice of the peace was correct under the decisions of this court in Gans v. Beasley, 4 N.D. 140, 59 N.W. 714, and Goldstein v. Peter Fox Sons Co. 22 N.D. 636, 135 N.W. 180, 40 L.R.A.(N.S.) 566. In our opinion these cases do not sustain the ruling of the justice of the peace challenged on this appeal. On the contrary, the decisions in those cases recognized that a court is without authority to render judgment in the circumstances involved here. In Gans v. Beasley an action was instituted in a district court on a promissory note signed by a firm name, to-wit, W.W. Beasley Sons. Later an application was made for leave to amend by showing the members of the co-partnership. In that action there was no substitution of parties; the action proceeded against the defendants named in the original summons. The amendment was made merely to clarify and make certain the names of the defendants who had already been sued and served with process. In the opinion in that case, after pointing out the conditions under which an amendment might be made in the name of a party to the action and after referring to certain decisions in New York and Michigan, the court said: *Page 638 
"We deem further citations unnecessary, as the cases already referred to amply sustain the right to amend, as to the names of parties, in all cases where the amendment does not operate to prejudice the parties, and does operate in furtherance of justice. But the right to amend must be qualified so as to forbidan amendment which effects an actual change of parties. This limitation is clearly established in the cases cited from Michigan and New York." Gans v. Beasley, 4 N.D. 153, 59 N.W. 714.
Goldstein v. Peter Fox Sons Co. supra, also, involved the amendment of a summons in an action in a district court. In that case the actual name of the defendant was correctly stated, but it was erroneously stated to be a corporation when, in fact, it was a partnership. Service had been made upon one of the partners. The court held that an amendment of the summons and complaint showing that the defendant was a body corporate instead of a partnership and sued in its corporate capacity did not operate to substitute a new party defendant. In that case the court clearly recognized the limitation pointed out in Gans v. Beasley, namely, that there is no authority on the part of the court under the guise of amendment of the name to substitute a new party defendant for the one actually named and served, and to render judgment against such substituted defendant notwithstanding the fact that no process had been served upon him. In the opinion in that case the court said:
"Defendant will contend that such an amendment is in reality bringing in new parties to the suit, and, therefore, if permissible, service of summons upon such new parties is necessary, citing thereunder White v. Johnson, 27 Or. 282, 40 P. 511, 50 Am. St. Rep. 726, and notes thereto, and similar holdings. If the amendment here permitted amounted to the bringing in of new parties, counsel's contention would be supported by the weight of authority, but it does not substitute a new for the old party. It merely makes definite the character of the real party sued, the necessity for the knowledge concerning which, besides being proper for the sake of certainty, is that the court may order the appropriate judgment in form and comply with the statute in such respect." Goldstein v. Peter Fox Sons Co. 22 N.D. 643, 644, 135 N.W. 180, 40 L.R.A.(N.S.) 566.
It will be noted that this court, both in Gans v. Beasley and in Goldstein *Page 639 
v. Peter Fox Sons Co. was dealing with a mistake in, and the correction of, the name of a party defendant. In one case (Gans v. Beasley) the firm name was correctly stated and the amendment was made to amplify the firm name by showing the names of the persons who composed the firm. In the second case (Goldstein v. Peter Fox Sons Co.) a mistake had been made in that the Peter Fox Sons Co. had been designated as a corporation instead of as a partnership. In both cases the court clearly recognized that an amendment in the name of a party defendant which in reality operated to bring in a party against whom process had not been issued might not be made under the guise of correcting a mistake in the name. Obviously it is one thing to permit an additional or new party to be added as a defendant in an action, with the express or implied requirement that such party thereafter shall be served with process as other defendants, and quite another to add the name of such party on the theory that he is already a party to the action and has been duly served with process but that some mistake has been made in his name and that his name ought to be corrected so that judgment may be entered against him as the person against whom process was issued and against whom the suit was actually instituted. Nor does the statute (Comp. Laws 1913, § 7482), purport to authorize any such procedure. It is true it permits amendments to be made "by adding or striking out the name of any party," but obviously there was no intention to permit judgment to be rendered against a person merely by adding his name as a party defendant. The statute, of course, contemplates that in such case the party whose name is added shall have process served upon him and be afforded the same opportunity to appear and answer as though he had been named in the first instance. It is a fundamental rule of jurisprudence in this country that judgment may not be entered against any person, whether natural or artificial, except pursuant to notice and after opportunity to be heard. In this case the amendment brought in a person against whom process had never been issued and who had not waived process. The summons was issued against B.W. Elder individually. By way of description the summons designated him as "Sole trader doing business as the Elder Horse Company." The summons that was issued and the return of service thereof indicate beyond doubt that the suit that was brought, and that was tried was one against Elder as an individual. The fact *Page 640 
that the evidence introduced disclosed that there was no cause of action against Elder, but that whatever cause of action existed was one against a corporation of which he was president, and of whose name his name formed a part, furnished no basis for permitting judgment to be rendered against such corporation without the issuance or service of process. This is not a question of misnomer; it is a case of naming a new party defendant. It is not a case of correcting or amplifying a name, as where the partnership name is given but the names of the partners are not shown; or where the correct name is given but the company is designated as a corporation when in fact it is a partnership. Here there was a failure to name the true defendant. The true defendant was not joined, no process was issued against or served upon him. The amendment in this case constituted a substitution of a different party. Voigt Brewing Co. v. Pacifico,139 Mich. 284, 102 N.W. 739.
We are agreed that the justice of the peace was without authority to render judgment against the Elder Horse Sales Company. The judgment appealed from is reversed and the cause is remanded with directions that the justice of the peace be ordered to set aside the judgment and dismiss the action.
NUESSLE, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.